PIERCE, Judge.
Appellant Donahue L. West was informed against in the Pinellas County Circuit Court on September 23, 1969, for the offense of having a pistol in his possession, after having previously been convicted of a felony, namely, breaking and entering of a building other than a dwelling house with intent to commit a misdemeanor.
A motion filed by West to suppress the evidence on the ground of illegal search and seizure was denied after an evidentiary hearing, whereupon following waiver of trial by jury, he was found guilty by the Court, adjudged accordingly, and thereupon sentenced to a term in the State Prison. He has appealed said judgment of conviction to this Court and the sole point relied upon here is that the trial Judge erred in denying the motion to suppress.
The sworn evidence adduced at the hearing upon the motion to suppress shows that the St. Petersburg police received information on August 9, 1969, indicating that two armed Negroes were out on the streets of St. Petersburg looking for each *612 other, intending to “shoot it out”; that at about 8 P.M. on that day, which was a Saturday, local police officer Powell was stopped in his patrol car on 7th Avenue by West’s mother, who told the officer that her son, Donahue West, “was inside the rear of the Manhattan Casino and that he was armed”, that “he was a tall, slender boy and described him as having a red or maroon type shirt on”; that officer Powell went to the back of the bar and saw a person inside who answered the description; that the officer called his name, Donahue; that the man responded to the name and walked toward the officer; that the officer “found a revolver in his left hip pocket”, whereupon he was placed under arrest; that officer Powell, accompanied by officer Petsel, then went outside in back of the building, whereupon West’s mother who was there “just held her arm to hold us up a minute, reached down in his right sock and pulled out another revolver. Both weapons were .22 caliber pistols, one being what is known as a “starter pistol”. The other one was loaded with bullets. West was subsequently charged with carrying concealed weapons after having been previously convicted of a felony, as before stated.
West contends here that the arrest was illegal in that at the time of his arrest the offense of carrying a concealed weapon was a misdemeanor, and because it was not committed in the presence of the officer, it did not afford a legal basis for the arrest and search. We disagree and affirm.
West relies upon the 1901 case of Roberson v. State, 1901, 43 Fla. 156, 29 So. 535, which held that under the law then existing an officer had no right to arrest a person “for the bare crime of carrying concealed weapons, whether he knows it of his own knowledge, or is informed of it by others, and whether it occurs in or out of his presence, unless it is done in such manner * * * as to * * * amount to a breach of the peace”; and even then the arrest would be authorized, not from the fact of carrying concealed weapons, but because of the breach of the peace accompanying it”. Such doctrine was specifically changed and abrogated by statute in 1901. Ch. 4925, Acts 1901; Sec. 3929, Gen.Stat.1906. The Supreme Court, in the 1912 case of Carlton v. State, 1912, 63 Fla. 1, 58 So. 486, 488, referring to Roberson v. State, supra, said that—
“Since this decision was made, the statute law has been changed by sections 3262 and 3263, General Statutes of 1906. The latter makes the carrying of a concealed weapon a breach of the peace, and authorizes any officer to arrest for the offense without warrant. Section 3929 is broader, and gives an officer authority to arrest, without warrant, any one who, in the presence of such officer, violates any of the penal laws of the State, or of any municipality, and makes it the duty of such officer to arrest, without warrant, and take into custody any person whom such officer has reasonable ground to believe, and does believe, has committed any felony, or whom he finds in the act of committing any felony, or about to commit any felony, or engage in a fight or other breach of the peace. This section became law since the decision in Roberson v. State, supra.
* * * * * *
At common law, sheriffs and other police officers, virtute officii, and all who aid them, are empowered by law to arrest, not only felons and those suspected of felony, but also persons guilty of a breach of the peace, or just suspicion thereof, such as nightwalkers and persons unduly armed.”
Aside from the foregoing, the offense of carrying concealed weapons was actually committed in the presence of the officer, who personally took the loaded gun from West’s hip pocket. As to the other gun, the officers did not seize that one at all; it was taken from West’s sock by his own mother. Lastly, the officers had information, reliable enough to constitute probable *613 cause, that West was armed with a gun with which he intended to shoot someone.
The motion to suppress was properly denied after hearing, and the judgment of conviction is accordingly affirmed.
Affirmed.
HOBSON, C. J., and MANN, J., concur.