PIERCE, Judge.
This is an appeal by Lewis Washington Street from a judgment of conviction and sentence for the offense of armed robbery.
On June 25, 1969, information was filed against Street in the Hillsborough County Criminal Court of Record for the offense of armed robbery. Upon pleas of not guilty, he was tried before a jury and found guilty as charged. He was thereupon adjudged guilty and sentenced to the State Prison, from which judgment and sentence *871 he has appealed to this Court. The sole point raised on this appeal by Street is that certain evidence, admitted over objection at the trial, was unlawfully seized from Street’s automobile, which was searched at the time of, and in connection with, his arrest.
On June 7, 1969, Street robbed one Mrs. Hazel B. Phelps at gunpoint in the parking lot of Maas Brothers Department Store in Tampa, Florida, where she was employed, right after she had gotten off work and was in her car ready to drive home. He then jumped in his car and drove hastily away. This was on Saturday night, June 7, 1969. Two nights later, on June 9th, Street was again observed by Mrs. Phelps sitting in his car parked in the same general area. She was sitting in her car when she spotted him. She testified: “I went down to the corner and made a turn back to the building to make sure that it was his car and it was. It had no license plate on it. And I drove back up to the building and stopped behind another car of a gentleman who was waiting for his wife to come out of the store. And I called to him to get the police.”
Police officer Collier responded to the call, and after conferring briefly with one Bennett, a security officer with Maas Brothers, went to the car without the license plate in which Street was still sitting, and arrested Street for armed robbery. Further testimony established that officer Collier had received information from Mrs. Phelps that the person he arrested was the man who pulled the gun on her and robbed her two nights before.
Street’s car was searched and a loaded revolver found underneath the front seat on the driver’s side of Street’s car. The officers also found a woman’s wallet in the glove compartment and a lady’s coat on the rear seat of the car.
The argument of Street here is that he was not legally under arrest and therefore the articles seized incident to his .arrest were improperly received as evidence. The real question is whether or not the officers, at the time of Street’s arrest, had probable cause to believe he had committed a felony, namely, robbery of Mrs. Phelps two nights before. The law on this point was laid down by this Court in Paula v. State of Florida, Fla.App.1966, 188 So.2d 388, wherein we said, quoting from Judge Kanner’s opinion in McCain v. State, Fla.App.1963, 151 So.2d 841, as follows:
“In dealing with ‘probable cause’ for search and seizure without a warrant, a court deals with probabilities which are not technical but which are factual and practical considerations of every day life upon which reasonable and prudent men act and not legal technicians. The essence of ‘probable cause’ is a reasonable ground for belief of guilt; and the court in determining whether there was probable cause to make a search without a warrant must first determine sufficiency of knowledge by the searching officer by comparison to what a reasonable man, knowing all the facts which the searching officer knew, would have believed under all of the circumstances. Gispert v. State, Fla.App.1960, 118 So.2d 596, cert. denied, Fla.1960, 122 So.2d 782.”
Measured by the above yardstick, the search and seizure here was lawful in that at the time Street was arrested there was “a reasonable ground for belief of guilt” of robbery of Mrs. Phelps by Street on the part of the officers. This being so, the objection to admissibility of the articles found in the automobile at the time of the arrest was not well taken. And as this was the only ground urged upon appeal, the judgment appealed here must be and is hereby—
Affirmed.
LILES, A. C. J., and MANN, J., concur.