316 So.2d 657 (1975)
Dean Allen BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. X-331.
District Court of Appeal of Florida, First District.
August 12, 1975.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Appellant-defendant (Baker) appeals from a judgment adjudicating him guilty of carrying a concealed firearm and sentence of three years. The issue here is whether the trial court erred in denying defendant's motion to suppress the evidence on the ground of illegal search and arrest. The trial court did not err, and we affirm.
*658 After denial of his motion to suppress, defendant pled nolo contendere, was adjudicated guilty and sentenced. A review of the facts adduced at the hearing on the motion supports the findings of the trial court that probable cause existed for defendant's arrest, and that the arresting officer complied with the requirements of the "stop and frisk law", Section 901.151, Florida Statutes.
A citizen, who had just given defendant a ride in his automobile, complained to a Sergeant of the St. Augustine Police Department that defendant showed him a pistol that he was carrying, and defendant was at that moment walking around downtown St. Augustine with a concealed pistol. This information was reliable enough to constitute probable cause that defendant was carrying a concealed firearm. West v. State, 239 So.2d 611 (Fla.App. 1970).
Upon receiving this information, the police officer drove uptown where he saw defendant, previously known to him, walking around with a jacket over his arm. He parked his car, and defendant walked over and greeted him. The officer opened the car door and in getting out of it, his hand brushed a hard object in the jacket. He immediately snatched the jacket from defendant, threw it onto the front seat, and placed defendant against the car. He frisked defendant, found nothing on him, and placed him in the car. The officer then checked the defendant's jacket where he found a pistol and box of shells. Defendant was charged with carrying a concealed firearm. These facts support an application of the "stop and frisk law", supra. A police officer may temporarily detain a person under circumstances which reasonably indicate that the person is committing a violation of a criminal law, for the purpose of ascertaining the circumstances which led the officer to believe the person was violating a criminal law. Having been properly detained, if the officer has probable cause to believe the person is armed with a dangerous weapon which offers a threat to the safety of the officer or any other person, he may search the person to the extent necessary to disclose the presence of a weapon. If a weapon is found, it may be seized.
For the reasons set forth above, affirmed.
BOYER, C.J., and McCORD, J., concur.