DOWNEY, Judge.
The State has appealed from an order suppressing evidence in a criminal prosecution against James Edward Thompson for carrying a concealed weapon.
At approximately 3:30 a. m. on the morning of June 10,1975, while on patrol, Corporal Richard Klawe of the Orange County Sheriff’s Department received a radio communication from Deputy Judith Schulte that she heard noises she thought were gunshots in her patrol area. While these two officers met to investigate, an unidentified white male on a bicycle approached them and said he had seen someone fire *619 shots from a car at a house nearby, and that the individual he had seen was across the street in the Winn Dixie parking lot.
The officers approached appellee’s vehicle and saw appellee take something off the dashboard and place it under the front seat. Corporal Klawe asked appellee to get out of the car, and Deputy Schulte took appellee to the rear of her vehicle. Corporal Klawe saw in plain view on the seat of Thompson’s car two ski masks. He opened the door,knelt down and reached underneath the front seat and removed a .22 revolver. Ap-pellee was then arrested.
The issue to be decided is whether the officers had probable cause to search Thompson’s car; we believe they did.
A reasonably good definition of probable cause and its application to warrantless search and seizure situations is set forth in McCain v. State, 151 So.2d 841, 844-845 (Fla.2d DCA 1963):
“In dealing with ‘probable cause’ for search and seizure without a warrant, a court deals with probabilities which are not technical but which are factual and practical considerations of every day life upon which reasonable and prudent men act and not legal technicians. The essence of ‘probable cause’ is a reasonable ground for belief of guilt; and the court in determining whether there was probable cause to make a search without a warrant must first determine sufficiency of knowledge by the searching officer by comparison to what a reasonable man, knowing all the facts which the searching officer knew, would have believed under all of the circumstances.”
Turning now to the knowledge possessed by the police prior to searching Thompson’s car, we find the record clearly demonstrates:
1)Officer Schulte heard several shots (or noises she believed to be shots from a small caliber gun) coming from the vicinity of an area known as Monterey Homes; she informed Officer Klawe of these shots; and the two officers met to investigate.
2) A boy on a bicycle rode up to the police officers and told them he had seen a person fire “a shot, or shots, from their car, at a home,” and that the car was in the Winn Dixie parking lot.
3) As the boy was relating this information, the officers could see the parking lot and a car standing in the parking lot with its headlights on. The car had not been there prior to the shooting.
4) On approaching the car in the parking lot, the officers observed Thompson take something from the car dashboard and appear to be putting it under the driver’s seat.
5) The hood of Thompson’s car was extremely warm, the engine was off and one of the officers observed in plain view two ski masks on the front seat.
6) It was 3:30 a. m. in mid-June in Florida.
We hold that a reasonable man, knowing these facts, would believe Thompson had committed a felony by shooting into a home, justifying his arrest and the search of his car. The facts within the personal knowledge of the officers demonstrated reliability of the unidentified boy who reported seeing the shooting. Here, the reporter appeared in person to give the two officers his eye witness account of a crime moments after it occurred. The fact that the officers did not get his name was unfortunate, but that fact neither added to nor detracted from the reliability of the reporter:
“The essence of reliability may be found in an informant’s statement of facts rather than an allegation of mere conclusory suspicion. An informant who alleges he is an ‘eyewitness’ to an actual crime perpetrated demonstrates sufficient ‘reliability’ of the person. In direct accord, see e. g., Coyne v. Watson, 282 F.Supp. 235 (S.D.Ohio 1967), aff’d 392 F.2d 585 (6 Cir. 1968). These facts provide a similar standard in determining probable cause for arrest without a warrant. Probable cause for an arrest may exist where an unknown citizen makes complaints, as a victim or eyewitness to a crime, where the underlying circumstances demonstrate his first-hand personal knowledge.” *620 McCreary v. Sigler, 406 F.2d 1264, 1269 (8th Cir. 1969).
It would have been a dereliction of duty for the two officers to ignore this report when it was strongly corroborated by Officer Schulte’s hearing of the shots. That corroborated report, plus the additional fact that the reporter pointed out Thompson’s car to the officers, all regarded in the light of the time the events occurred, lead to the conclusion that the officers in the present case had as much probable cause for the present arrest and the search and seizure as did the officers involved in West v. State, 239 So.2d 611 (Fla.2d DCA 1970); Street v. State, 239 So.2d 870 (Fla.2d DCA 1970); and Baker v. State, 316 So.2d 657 (Fla.lst DCA 1975).
For the foregoing reasons we reverse the order of suppression and remand the cause to the trial court for further proceedings.
REVERSED AND REMANDED, with directions.
ANSTEAD, J., concurs.
CROSS, J., dissents, with opinion.