DANAHY, Judge.
The defendant asks this court to review the denial of his motion to suppress the evidence against him, having pled nolo contendere reserving the right to that review. The issue is dispositive.
The pertinent events were presented to the trial judge by the testimony of Deputy Killeen. Killeen testified that he was on patrol in Lee County, near Club 21 on the corner of Ford and Anderson Avenue. At that time he observed the defendant. He and another deputy arrested the defendant. The defendant was searched after the arrest and a change purse was found in a zippered and closed jacket pocket. The change purse contained heroin and cocaine wrapped in foil packets. That evidence is the basis for the charges against the defendant in this case.
Killeen said the purpose of arresting the defendant was for loitering and prowling. He said that the defendant started to run from the deputy after the deputy approached him. He said he had no idea how long the defendant had been in the area before the deputy approached. The deputy had never seen the defendant before the day of his arrest. The trial judge ruled that Deputy Killeen did not have probable cause to arrest the defendant for loitering and prowling. Notwithstanding that ruling, the trial judge denied the motion to suppress the foil packets found in the defendant’s jacket pocket.
Before this court the defendant and the state have locked horns over the issue whether the stop of the defendant was valid and their arguments are devoted exclusively to that issue. Both miss the mark. Even if the stop was valid, the ensuing search was not.
For guidance in stop and frisk situations, we look to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *670 our Florida Statute, section 901.151, Florida Statutes (1983). As pointed out by this court in State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), affirmed, 387 So.2d 963 (1980), a stop does not necessarily justify a frisk. Following a Terry stop, a frisk is permissible if the officer has reason to believe that the person is armed and dangerous. Section 901.151 provides in part:
(5) Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom he has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, he may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon. If such a search discloses such a weapon or any evidence of a criminal offense it may be seized.
(6) No evidence seized by a law enforcement officer in any search under this section shall be admissible against any person in any court of this state or political subdivision thereof unless the search which disclosed its existence was authorized by and conducted in compliance with the provisions of subsections (2)-(5).
In this case Deputy Killeen was not asked, and did not testify, that he had any reason to believe that the defendant was armed. Nevertheless, he testified that he conducted a “pat-down” on the defendant and further testified that the pat-down did not reveal any hard object on the defendant’s person which could have been a weapon. Killeen then proceeded to a full search of the defendant’s person. That search clearly was unauthorized and a violation of the defendant’s Fourth Amendment rights.
Accordingly, we reverse the denial of the defendant’s motion to suppress.
REVERSED.
RYDER, C.J., and FOGLE, HARRY W., Associate Judge, concur.