562 So.2d 422 (1990)
Teddy KINDELL, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 89-1621.
District Court of Appeal of Florida, Fifth District.
June 14, 1990.
*423 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Teddy Kindell pleaded no contest to possession of cocaine and carrying a concealed weapon, reserving the right to appeal the trial court's refusal to suppress the evidence seized on a result of a warrantless search of his person. We agree that the evidence should have been suppressed and reverse the conviction.
On December 17, 1988, Officer Walczak of the Orlando Police Department, acting on an anonymous tip that black males were selling drugs at a certain location, proceeded to that location to investigate. As he approached, two black males walked slowly away. Appellant, a black male, walked away quickly and sat down on a nearby stoop.
Officer Walczak approached appellant, asked whether he lived there and requested identification. Appellant responded that he did not live there and, although he had no proof of identification, gave the officer his name and date of birth. Officer Walczak then asked if appellant would consent to search and received the response, "No. What's your probable cause?" As appellant stood up to leave, Officer Walczak conducted a pat down for weapons. He felt a bulge in appellant's right rear pocket which turned out to be brass knuckles. In removing the brass knuckles, the officer noticed a plastic bag in the same pocket. This bag contained cocaine.
Once the concealed weapon was found, a proper search would have uncovered the cocaine. The ultimate issue before this court, therefore, is whether the search for weapons was justified under the facts of this case.
The "tip" neither identified the seller of the cocaine, other than by race, nor indicated that weapons were present. Officer Walczak admitted that appellant made no movement toward him and that he saw nothing to indicate the presence of a weapon. He justified the search "[b]ecause generally when you are dealing with any type of drug call, for my own safety I will always check the outer clothing for weapons." While this might well be prudent policy, it does not comply with existing law. Section 901.151, Florida Statutes (1987) requires that before a search can be conducted the officer must have "probable cause to believe that the person to be searched is armed with a dangerous weapon." This court held in Redfin v. State, 453 So.2d 425 (Fla. 5th DCA 1984) that a valid stop does not necessarily justify a frisk; there must be probable cause that the person detained is armed with a dangerous weapon. No such probable cause existed in this case.
The State's reliance on United States v. Oates, 560 F.2d 45 (2d Cir.1977) and United States v. Seni, 662 F.2d 277 (4th Cir.1981), cert. denied sub nom. Minton v. United States, 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 664 (1982) is misplaced. Even if an experienced officer might infer that "substantial dealers in narcotics" are probably armed, no case has suggested that this reasoning should be applied to suspected street dealers of small quantities of drugs.
REVERSED.
DANIEL, C.J., and PETERSON, J., concur.