582 So.2d 745 (1991)
STATE of Florida, Appellant,
v.
Victor Todd CALLAWAY, Appellee.
No. 90-01575.
District Court of Appeal of Florida, Second District.
July 10, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
No appearance for appellee.
DANAHY, Judge.
The state appeals an order granting the appellee's motion to suppress. The trial court found that the officer did not have a reasonable objective fear for his safety, and held, therefore, that the pat-down search of appellee's outer garments, resulting in the discovery of a loaded and concealed handgun, was illegal. We reverse.
On October 28, 1989, at approximately 1:14 a.m., Officer Dempsey saw appellant, driving a vehicle with no visible license tag, make an illegal turn without signalling. He turned on the cruiser's flashing lights indicating to the appellee that he should pull off the roadway. The appellee did so, exited his vehicle, and began to approach the officer. The officer noted that the appellee was wearing a long, bulky winter coat and that he had both his hands in the large front pockets of the heavy coat as he approached. The officer testified that the stop began as a routine traffic stop but that, as the appellee approached him, it "appeared there may be something in the pockets that could possibly threaten my safety." The officer thereupon briefly patted the outside of the pockets, detected a flat metal object, and inquired what was in the pocket. The appellee produced a loaded handgun for which he did not have a concealed weapons permit. The officer then arrested the appellee.
The trial court found that the officer did not have the necessary reasonable suspicion to perform the pat-down search, stating *746 that the officer's reasons for the pat-down were that the appellee had on a jacket with large pockets, that the appellee had his hands in the pockets, the late hour, and the limited lighting in the area. The court's order recites that the officer "had no reason to believe that the defendant was armed."
For the court to hold, under the circumstances of this case, that the officer, as a matter of law, had no objective reason to fear for his safety warranting a "Terry" frisk[1] is both unsupported by this record and an incorrect application of the law. Although the court stated that the officer had no reason to believe that the defendant was armed, the officer had testified, without contradiction, that it appeared there was something in the defendant's pocket which could threaten the officer's safety. The standard for evaluating the reasonableness of a frisk is "whether the officer is justified in believing the defendant is armed and dangerous." State v. Webb, 398 So.2d 820 (Fla. 1981). The officer's testimony in the case before us articulated facts which did justify a reasonable fear for his safety. There is nothing in the record, nor in the court's findings, which in any way discredits the officer's stated basis for his concern. Contrary to the trial court's conclusion, we think that, under the circumstances of this case, the officer would have been imprudent to fail to pat down the appellee's coat.
We reverse the trial court's order and remand for further proceedings.
SCHOONOVER, C.J., and CAMPBELL, J., concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); § 901.151(5), Fla. Stat. (1989).