W. SHARP, Judge.
T.P. appeals from an order withholding adjudication of delinquency and placing him on community control for possession of cocaine. He argues the trial court erred by refusing to suppress evidence of the contraband which was discovered in his shirt pocket by the police. We disagree and affirm. The record, read most favorably to sustain the trial court as we must do,[1] demonstrates T.P. was first observed at 1:00 a.m. lying half-in and half-out of the rear, passenger side of a vehicle in an otherwise vacant parking lot. The parking lot was located in an area where police had recovered numerous stolen vehicles which had been stripped of their stereo equipment. It was also known to be a high drug area. T.P.’s head was inside the vehicle. When the officers approached and questioned T.P., he stated he was repairing his sound system.
One officer observed a bulge in T.P.’s right, front pocket. He conducted a pat down of T.P. The officer testified that although the object was a bit small to be a conventional weapon, he feared it might be one of the new, unconventional weapons he had been apprised of through police bulletins. These new unconventional weapons include firing mechanisms as small as a fountain pen, and a pager that is convertible into a .22 caliber pistol. The bulge in T.P.’s pocket felt hard, and the officer seized it. In fact, it was not a weapon, but a vial of cocaine.
Based on the foregoing totality of the circumstances, the officers could have had a reasonable and founded suspicion that T.P. was engaged in criminal activity and they rightfully could detain him. Freeman v. State, 559 So.2d 295 (Fla. 1st DCA 1990); State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989). They also rightfully could search T.P. for weapons, if there were probable cause to think he was armed,[2] or if the officers were reasonably justified in believing he was armed and dangerous.[3] Both circumstances were met in this case by the officer’s testimony and the facts they presented.
When one officer saw a bulge in T.P.’s pocket, he testified he thought that the object might be a weapon. He conducted a pat-down search, and felt a hard object. The officer testified he had reasonable grounds to suspect the hard object was a new, unconventional weapon. Accordingly, its seizure was permissible. See Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990); Woody v. State, 464 So.2d 669, 670 (Fla. 2d DCA 1985); Stitely v. State, 368 So.2d 937, 938 (Fla. 3d DCA), cert. denied, 379 So.2d 210 (Fla.1979); Baker v. State, 316 So.2d 657, 658 (Fla. 1st DCA 1975).
Courts sometimes distinguish between hard and soft objects with respect to an officer’s reasonable belief that the object is a weapon.[4] Obviously, the former is *1022 a characteristic of a weapon while the latter is not. If the object is hard, but the officer does not believe it to be a weapon, or it is unreasonable to believe it to be a weapon, the object is not properly seized. See generally, Warren v. State, 547 So.2d 324 (Fla. 5th DCA 1989); Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984), rev. denied, 464 So.2d 556 (Fla.1985); Baker v. State, 316 So.2d 657, 658 (Fla. 1st DCA 1975); 3 W.R. LaFave, Search and Seizure (2d ed 1987); § 9.4(c) at 521-23. But see Terrtric Doctor v. State, 573 So.2d 157 (Fla. 4th DCA 1991).
In this case, the object bulged so as to catch the officer’s attention. He had adequate grounds to search for a weapon. When felt, the object was hard to the touch, and the officer testified he had reasonable grounds to suspect it was a weapon. The trial court believed his testimony, and found he had a reasonable basis for his suspicions. As an appellate court, we cannot reject the trial court’s findings as a matter of law. Accordingly, we affirm.
AFFIRMED.
COWART, J., concurs.
GRIFFIN, J., dissents with opinion.

. State v. Pye, 551 So.2d 1237 (Fla. 1st DCA 1989).

. See § 901.151(5), Fla.Stat. (1989); Kindell v. State, 562 So.2d 422 (Fla. 5th DCA 1990). The observation of a bulge in a suspect’s pocket constitutes probable cause to frisk or pat-down the suspect for the officer’s safety. McNamara v. State, 357 So.2d 410 (Fla.1978); Thomas v. State, 250 So.2d 15 (Fla. 1st DCA 1971).

. State v. Webb, 398 So.2d 820 (Fla.1981); State v. Callaway, 582 So.2d 745 (Fla. 2d DCA 1991).

. See Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990); Woody v. State, 464 So.2d 669, 670 (Fla. 2d DCA (1985); Stitely v. State, 368 So.2d 937, 938 (Fla. 3d DCA), rev. denied, 379 So.2d 210 (Fla.1979); Baker v. State, 316 So.2d 657, 658 (Fla. 1st DCA 1975).