610 So.2d 72 (1992)
Phillip J. PREMO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01897.
District Court of Appeal of Florida, Second District.
December 9, 1992.
*73 James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Phillip J. Premo (Premo) appeals the denial of his motion to suppress evidence seized during a "Terry" stop and subsequent search. We hold the trial court erred in denying the motion to suppress.
At approximately 11:30 p.m., Premo was observed by an officer of the Dundee Police Department on the east side of a mini-warehouse compound. The compound was surrounded by a chain link fence and was open twenty-four hours a day. Premo was driving a pickup truck bearing an Alabama tag. Because the officer was aware that a number of burglaries had taken place at this warehouse, he called for a backup. When the backup arrived, the two officers approached Premo on foot and stopped his truck.
Premo explained that he had left work at 11:00 p.m. and had stopped to check on some of his things in a warehouse he was renting. Although he was unable to produce a lease or written proof of ownership, Premo had a key to a padlock. The officers were aware that it was not unusual for burglars to cut and replace the padlocks on the warehouses. To determine whether Premo had rented a warehouse, one of the police officers called the owner of the mini-warehouse compound. While waiting for the owner to return the call, the officers asked Premo to get out of the truck. At that time they patted him down and discovered a .22 caliber revolver in his right pocket. Premo was arrested for carrying a concealed firearm. The officers then searched Premo's truck and found marijuana and rolling papers.
Premo was charged with carrying a concealed firearm, possession of marijuana, and possession of paraphernalia. Both misdemeanor drug charges were dismissed by the state. Premo pled no contest to carrying a concealed firearm, reserving his right to appeal the denial of the motion to suppress and was sentenced to two years of probation.
The question presented to the trial court was whether the officers had a reasonable suspicion to justify detaining Premo. The trial court recognized this was a close question. We conclude the court correctly determined the initial detention of *74 Premo was proper. We hold, however, the state failed to establish the additional requirement needed to justify a pat down search as set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and section 901.151(5), Florida Statutes (1989).
The state concedes this is a "stop and frisk" case. Both Terry and the Florida Statute recognize this is a two step process. Section 901.151(5) requires probable cause to believe the person temporarily detained is armed with a dangerous weapon before proceeding with a search. Our Supreme Court in State v. Webb, 398 So.2d 820 (Fla. 1981), determined the requirement of probable cause in the statute is satisfied by a factual situation giving rise to a reasonable belief the individual detained is armed. The reasonable belief test is based upon and in conformance with Terry.
A review of the record fails to reveal any facts that would constitute a reasonable belief that Premo was armed with a dangerous weapon. The officers stopped Premo's vehicle while they were on foot and delayed any search until after they had taken time to call the owner of the compound to determine whether Premo had rented a warehouse there. Possessing a reasonable belief necessary to justify a stop does not automatically provide an officer with the basis for a search. The totality of the circumstances surrounding the stop must give rise to a reasonable belief that the appellant was armed with a dangerous weapon. Lemon v. State, 580 So.2d 292 (Fla. 2d DCA 1991).
In this case, the record fails to reveal a reasonable belief on the part of the officers that Premo was armed. The state, therefore, failed to carry its burden to establish the basis for a warrantless search. We reverse the denial of the motion to suppress and remand this matter to the trial court.
SCHOONOVER, A.C.J., and FRANK, J., concur.