PER CURIAM.
The appellant, April Milligan, pled no contest to a charge of carrying a concealed firearm after the trial court denied her motion to suppress.
The evidence adduced at the suppression hearing showed that law enforcement officers were advised of a drug transaction. The information directing the officers to the site of the drug transaction included physical descriptions of the two males involved, together with a clothing description for one of them. When the officers arrived at the scene one and a half minutes after the information was received, four or five other individuals were at the scene, including a female, April Milligan, the appellant. When she started walking away from the scene as the officers arrived, one of the officers instructed her to return and she obeyed. The officer then took her purse, placed it on the hood of a car, and heard a metal object within it hit the car. The officer searched the purse and found the firearm.
The officer initially testified that the purpose of instructing her to return was to identify all who were at the scene in case there were possible co-conspirators and to recover serialized currency used by undercover agents to buy drugs. Later, he testified, “I wanted to identify everybody there. Not so much one [sic], they were co-conspirators to this, they would have even possibly been a witness to the sale.”
In Kindell v. State, 562 So.2d 422 (Fla. 5th DCA 1990), we indicated that, while it might be prudent to search for weapons for officer safety, such a search does not comply with existing law unless probable cause exists to believe that the person to be searched is armed with a dangerous weapon. In the instant case, the officer’s testimony indicated that he simply wanted to identify Milligan as a potential valuable witness. Probable cause to believe that she had committed a crime was lacking, and the subsequent search leading to the discovery of the firearm cannot support the conviction.
REVERSED AND REMANDED.
COBB, W. SHARP and PETERSON, JJ„ concur.