W. SHARP, Judge,
concurring specially.
I agree with Judge Diamantis’ opinion except for his conclusion that the police officers had a reasonable and founded suspicion Poole was engaged in criminal activity when they first initiated contact with him, justifying their actions as an “investigatory stop,” or a Terry stop.[1] However, I think this case should be affirmed as a police-citizen encounter, which escalated to a proper Terry stop as soon as the deputy saw a large bulge in Poole’s pocket, giving him reasonable grounds to think Poole was armed with a concealed firearm. They then had a valid basis to make a pat-down search for weapons. State v. Doyle, 615 So.2d 871 (Fla. 4th DCA 1993); T.P. v. State, 585 So.2d 1020 (Fla. 5th DCA 1991).
What concerns me about this decision is that, in my view, it erodes the circumstances the Florida courts have required for a “founded suspicion ... a person is engaged in criminal activity.” Looking at the circumstances in this case, in a light most favorable to the state as we must do,[2] the officer testified:
1. The officers got a phone call from a known informant (a person living in the neighborhood) that there was ‘drug activity’ behind 116 Hudson Street.
2. There had been previous complaints about drug sales at that place and prior arrests.
3. When the two officers arrived at 116 Hudson, they saw several black males and one female, some on the porch where one was cutting another’s hair, and some a distance away in the parking lot.
4. No one moved except Poole. Poole^ took something from his belt and put it in his pocket. The officers thought it was a “beeper” (often used by drug dealers).
5. Poole started to walk away and put his hand and into his pocket in a “furtive” manner.
6. One deputy asked him to stop, and Poole did, but he was unresponsive and nervous.
7. About that time Sergeant Taylor saw the bulge in Poole’s pocket, inconsistent with a beeper, and consistent with a firearm.
A number of cases decided by the Florida courts have held that a “founded suspicion” which is necessary for a Terry stop or a stop pursuant to section 901.151(2), Florida Statutes (1989), does not arise from the fact that a person is in a high crime area,[3] nor does flight from an officer in a high crime area constitute founded suspicion,[4] nor are suspicious movements of a person combined with flight sufficient.[5] That is basically all the officers had to go on in this case.
*100 In Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990), the police had more, but the court concluded it was insufficient to constitute a “founded suspicion.” In Robinson, the police received an anonymous radio tip that an individual exactly fitting Robinson’s description,[6] was selling drugs at a specific location. It was a known drug use and sales area. Robinson began walking away when the police arrived. They immediately searched him for drugs. The court held that the police did not have a reasonable suspicion necessary to justify an investigatory stop.
In my view, this case should be affirmed on the ground that although the deputies initially had no founded suspicion to detain Poole, when they saw what they thought was a firearm in his pocket, they were justified in searching him for weapons. See Lightbourne v. State, 438 So.2d 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984). Compare Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990). And, evidence of the drugs later found after a search incident to arrest, should not have been suppressed. Allgood v. State, 403 So.2d 586 (Fla. 1st DCA 1981).
The affirmance in this case on the ground the police had a “founded suspicion” not only conflicts, in my view, with cases decided by this and other Florida appellate courts, but it also tends to erode section 901.151 and the Fourth Amendment’s requirements of “a well-founded, articulable suspicion of criminal activity.”[7] It makes the distinction between “mere suspicion” and “well-founded” suspicion more and more blurred. See also Curry.
This is the way common law develops and changes on a case-by-case basis. If it continues in this direction, gradually the standards for mere suspicion and founded suspicion will become so similar any distinction between them will become meaningless. Someone needs to acknowledge that this is what is happening in this area of Fourth Amendment case law, and that need provides my motivation for writing this special concurring opinion.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. State v. Nova, 361 So.2d 411 (Fla.1978); State v. Frost, 374 So.2d 593 (Fla. 3d DCA 1979).

. See Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990); Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990); Kindell v. State, 562 So.2d 422 (Fla. 5th DCA 1990); Jordan v. State, 544 So.2d 1073 (Fla. 2d DCA 1989); State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988); Morris v. State, 519 So.2d 706 (Fla. 2d DCA 1988); Mosley v. State, 519 So.2d 58 (Fla. 2d DCA 1988); G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985).

. See Curry v. State, 570 So.2d 1071 (Fla. 5th DCA 1990); Kindell v. State, 562 So.2d 422 (Fla. 5th DCA 1990); Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989); Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989); Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988); Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987).

. See Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989); Jenkins v. State, 524 So.2d 1108 *100 (Fla. 3d DCA 1988); R.B. v. State, 429 So.2d 815 (Fla. 2d DCA 1983).

. Black male, forty years old, wearing brown jacket and green army pants.

. Popple v. State, 626 So.2d 185, 186 (Fla.1993).