PER CURIAM.
Anthony King appeals his sentences for burglary of a structure, throwing a deadly missile or object into a structure and grand theft. King raises four points on appeal, but only two merit discussion.
First, King correctly argues that the trial court erred in sentencing him as a violent career criminal pursuant to section 775.084(1), Florida Statutes (1995). Section 775.084 provides three criteria for determining whether a defendant is a violent career criminal. Fla. Stat. § 775.084(l)(c)l-3. King concedes that he meets the first two criteria; however, he contends that the primary felony offense for which he was sentenced, throwing a rock or missile into a structure, is not an enumerated offense under the statute.
The State charged King under section 790.19, Florida Statutes (1995), for throwing a cinder block into a structure. In contrast, the violent career criminal statute requires that a felony violation of chapter 790 involve the use or possession of a firearm. Fla. Stat. §§ 775.084(l)(c)l. Therefore, the primary offense for which King was sentenced is not one which can be used to fulfill the violent career criminal requirements under section 775.084(l)(c). Accordingly, we reverse appellant’s sentence as a violent career criminal and remand this cause for a new sentencing hearing.
Second, King points out that the judgment of conviction lists his conviction as burglary of a dwelling. However, King pled guilty and was sentenced for burglary of a structure. On remand, the trial court should also correct the judgment of conviction so that it coincides with the plea.
REVERSED and REMANDED.
STONE, C.J., and DELL and STEVENSON, JJ., concur.