698 So.2d 1321 (1997)
Karen SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04058.
District Court of Appeal of Florida, Second District.
September 12, 1997.
*1322 James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for appellee.
PARKER, Chief Judge.
Karen Sutton appeals the final judgment and sentence for possession of cocaine and possession of paraphernalia. Because we conclude that the trial court's error in denying Sutton's motion to suppress evidence requires reversal, we do not need to address the alleged errors that the trial court committed in imposing costs, fees, and probation conditions.
Sutton entered a plea of no contest to both charges, reserving her right to appeal the trial court's denial of her dispositive motion to suppress a device containing cocaine residue found on her person. The following evidence was adduced at the hearing on the motion to suppress.
Sutton was a passenger of a car involved in a hit-and-run incident, driven by a man named Dudeck. The victims gave chase and contacted law enforcement by using a cellular telephone. Neither Sutton nor Dudeck exhibited any weapons during the chase. Dudeck eventually stopped and got out of his car while Sutton remained in the passenger's seat of the car. Deputy Sheriff Jones arrived at the scene, directed Dudeck to the patrol car, and conducted a pat-down search of Dudeck. No weapons were found. After the victims confirmed that Dudeck was the one who hit their car, the deputy arrested him. During Dudeck's arrest, Sutton remained in the car. She did not say anything, nor did she interfere with the arrest.
Two other deputy sheriffs arrived to help secure the scene. When they approached Sutton, who was still sitting in Dudeck's car, they saw an eighteen-inch metal pipe lying on the front seat of the car. When they asked Sutton to step out of the car, she was cooperative and quiet. The deputies described her movements as slow.
Deputy Dimercurio conducted a pat-down search of Sutton for weapons. In the course of the pat-down, the deputy detected an unusual object in Sutton's bra, which she was unable to identify. When the deputy asked Sutton what the object was, Sutton responded that "it's a pipe or tubing or something like that," and then Sutton proceeded to pull it out and hand it to the deputy. As the deputy continued with the protective pat-down, she felt a long object in the front pocket of Sutton's jeans, but was unable to identify the object. Believing that the object might be a weapon, the deputy removed the object from Sutton's pocket. After removing the object, the deputy was able to identify the object as a crack pipe.
Deputy Dimercurio testified at the suppression hearing that she conducted the pat-down search because Sutton was a passenger in a car which was involved in a hit-and-run incident. Furthermore, the deputy noted that there was a steel pipe located next to Sutton in the vehicle. The deputy conceded that there was nothing about Sutton's clothing *1323 that indicated she was concealing a weapon.
The "Florida Stop and Frisk Law" allows law enforcement officers to detain a person temporarily to ascertain the person's identity and the "circumstances of his presence" when there are reasonable indications "that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state." § 901.151(2), Fla. Stat. (1993). However, a valid stop does not necessarily give officers the right to search an individual for weapons. See State v. Webb, 398 So.2d 820, 822 (Fla.1981) (Terry stop does not allow a generalized cursory search for weapons). The law provides that a frisk for weapons may occur only when the officers have "probable cause" to believe that the person is armed with a dangerous weapon and, therefore, offers a threat to the safety of the officer or any other person. See § 901.151(5), Fla. Stat. (1993). The term "probable cause" in this statute has been interpreted by the Florida Supreme Court to mean "reasonable belief." See Webb, 398 So.2d at 824. A valid frisk may occur when the officers have a "reasonable belief ... that a person temporarily detained is armed with a dangerous weapon." Id.
This court has expressed approval of a frisk after a valid stop when the officers have observed bulges in the individual's clothing or furtive movements by the occupants of a car. See State v. Callaway, 582 So.2d 745 (Fla. 2d DCA 1991) (finding that the officers did articulate probable cause to support pat-down because officers observed that appellant had hand in large pocket which had a bulge that looked like a weapon). See also Johnson v. State, 537 So.2d 117, 119 (Fla. 1st DCA 1988) (finding that officers did not have probable cause to conduct a pat-down because occupants of car did not make any furtive movements, nor did the officers observe any bulges in their clothing). Regardless of the situation, something must occur to give the officers a reasonable belief that the person is armed with a dangerous weapon.
In this case, we conclude that the arresting deputies did not articulate a basis which would support a reasonable belief that Sutton was armed with a dangerous weapon. The deputies did not find a weapon on the driver of the car, and neither Sutton nor the driver displayed any weapons during the car chase. Sutton did not make any furtive movements, and she cooperated with the deputies. Nothing about Sutton's appearance or her actions suggested that she had a dangerous weapon. See Shaw v. State, 611 So.2d 552, 556 (Fla. 1st DCA 1992) (reversed because the officers failed to articulate a valid basis to support the pat-down search of a passenger after the car was stopped for a traffic violation).
Deputy Dimercurio's own testimony shows that she frisked Sutton because she was a passenger in a car that was being chased, and a metal pipe was lying on the car seat. There is no statute or case law that supports an automatic frisk just because a person is a passenger in a car that is involved in a hit-and-run incident. Being a passenger in a car that is being chased is not a per se criminal action, and even if being a passenger were per se criminal, it is not indicative that the person is armed with a dangerous weapon. See Premo v. State, 610 So.2d 72, 74 (Fla. 2d DCA 1992) (suspicion of burglary alone does not give rise to a reasonable belief that a person is armed with a dangerous weapon). Additionally, the presence of the metal pipe did not indicate that Sutton had a weapon on her person. Without some other indication that Sutton had a weapon, the officers did not have a valid basis to support a pat-down search.
Accordingly, the trial court erred by failing to grant Sutton's motion to suppress. Because this issue is dispositive, we remand with instructions that the trial court dismiss these charges against Sutton.
Reversed and remanded.
DANAHY and BLUE, JJ., concur.