FLETCHER, Judge.
Guillermo Delprado pled nolo contendere to a charge of possession of cocaine, reserving the right to appeal the dispositive issue of the trial court’s denial of his motion to suppress evidence. For the reasons which follow, we reverse and remand the case with directions to the trial court to grant the motion to suppress.
The facts of the ease relevant to the motion to suppress show that Delprado, two other adults, and a three-year-old child were riding in a vehicle together and became victims of a drive-by shooting. One of the two other adults and the child were hit with gunfire and Delprado drove the vehicle to the emergency room at Miami Children’s Hospital. Upon arrival, all four occupants of the vehicle were observed to have blood on them. Delprado and the other unharmed adult waited at the hospital while hospital workers *1100 tended to the injured victims. Because gunshot victims were being treated, Metro-Dade police were called to the scene.
Testimony from one of the officers on the scene showed that there was no evidence that Delprado carried a firearm or other weapon dr that he was behaving in a disruptive manner, and no initial pat-down was conducted because the officer did not want to touch the blood on him. The officers attempted to question Delprado in the public area of the hospital about the circumstances surrounding the shooting, but he refused to cooperate by giving them information. When the initial questioning failed to produce the information desired by the police, two officers took Del-prado into a “family” room away from the public, had him wash the blood off his hand/ arm area, and handcuffed him. The questioning officer asked Delprado for identification and was told that it was in his pocket. Since he was handcuffed, Delprado told the officer to get the wallet out of his pocket to find his identification. When the wallet was opened, a packet containing cocaine fell out. The cocaine was seized and Delprado was charged with its possession.
Delprado urges on appeal that the cocaine should have been suppressed by the trial court because its seizure was tainted by an illegal warrantless detention unsupported by reasonable suspicion that Delprado had committed a crime, there was no justification for an officer-safety frisk, and the consent given to the officer to retrieve the wallet from his pocket was not voluntary since it was necessitated by the initial illegal detention. We agree that the cocaine must be suppressed because, under the totality of the circumstances shown here, the initial detention of Delprado was unsupported by the required founded reasonable suspicion that he committed a crime or carried a weapon and his “consent” to search his wallet was therefore involuntary. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Reynolds v. State, 592 So.2d 1082 (Fla.1992); Sutton v. State, 698 So.2d 1321 (Fla. 2d DCA 1997); Kindell v. State, 562 So.2d 422 (Fla. 5th DCA 1990).
Reversed and remanded for further proceedings consistent with this opinion.
SCHWARTZ, C.J., concurs.