SILBERMAN, Judge.
D.O. appeals a disposition order placing him on probation for possession of cannabis and possession of drug paraphernalia. After his arrest on the charges, he filed a motion to suppress the evidence seized from him. The motion was denied, and he pleaded no contest and reserved his right to appeal the denial of his motion. We reverse.
The transcript of the suppression hearing reflects that D.O. was with a group of teenagers walking in from a beach to a gated residential complex. Two pohce officers were at the complex, responding to a call. Nothing in the record links the call to the teenagers’ presence at the complex or to any criminal activity.
The officers approached the teenagers to see what they were doing. One officer observed a black object showing from one of D.O.’s pockets, and she saw D.O. put his hand into the pocket. She asked D.O. what was in his pocket and to take his hand out. D.O. removed his hand from the pocket but did not respond to the question. The officer then patted the outside of D.O.’s pocket and squeezed the object. When she could not identify the object, the officer removed it from D.O.’s pocket. The object was a glass pipe, and marijuana was also found.
In her testimony, the officer candidly explained that she searched D.O. because she did not know what was in his pocket. As we have previously held, if an officer does not articulate a reasonable belief that a person is armed with a dangerous weapon, suppression is required. Marshall v. State, 827 So.2d 392, 393 (Fla. 2d DCA 2002); Sutton v. State, 698 So.2d 1321, 1323 (Fla. 2d DCA 1997). Without some indication that D.O. had a weapon, there was no valid basis for the search. See Sutton, 698 So.2d at 1323.
The fact that the officer seized contraband from D.O. does not change the result. The officer did not know what was in D.O.’s pocket, and “merely seeing or feeling an unknown object” is not sufficient to show probable cause for seizure of an item. Doctor v. State, 596 So.2d 442, 445 (Fla.1992).
Under the circumstances, the motion to suppress should have been granted. Accordingly, we reverse the disposition order and remand with directions that D.O. be discharged.
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.