DAVIS, Judge.
Ricardo Sosa-Leon, convicted of multiple drug offenses, carrying a concealed weapon, and introduction of contraband into a detention facility, challenges the trial court’s order denying his motion to suppress. We reverse.
On February 22, 2000, while Polk County Sheriffs Office detectives were executing a search warrant on a mobile home, Sosa-Leon walked up to the front door carrying a can of beer and a Wal-Mart bag. As Sosa-Leon approached, one detective, who was standing in the doorway, moved aside and asked Sosa-Leon to step inside. Once inside, the detective motioned to Sosa-Leon to raise his hands so the detective could perform a pat-down search for weapons. Because the Wal-Mart bag in his hand prevented Sosa-Leon from raising both his hands over his head, the detective motioned to Sosa-Leon to hand the bag to a second detective. As Sosa-Leon did so, the first detective grabbed Sosa-Leon’s hands with one hand and patted him down with the other. During the pat-down, the detective found a pistol in Sosa-Leon’s waistband.
The second detective smelled the odor of marijuana coming from inside the Wal-Mart bag. Sosa-Leon then was taken into custody for possession of cannabis and carrying a concealed firearm. After handcuffing him, the first detective found other narcotics on Sosa-Leon’s person.
The trial court ruled that these circumstances justified the search for weapons because Sosa-Leon “suddenly entered the mobile home that was being lawfully searched while carrying a bag from which the odor of cannabis was emanating.” However, the record does not support these factual findings. First, the detective testified that, upon seeing Sosa-Leon standing at the doorway, he asked Sosa-Leon to enter the mobile home. Sosa-Leon did not “suddenly” enter on his own. Moreover, the detective testified that he did not smell the cannabis until he had grabbed the bag from Sosa-Leon so that the pat-down search could proceed. Thus, at the initiation of the pát-down search, the detective was not in possession of the bag. Accordingly, the odor smelled by the detective after opening the bag could not justify the search.
The mere presence of a visitor in a residence being searched pursuant to a legal search warrant is insufficient to connect him with criminal eohduct justifying a search of his person. Harris v. State, 790 So.2d 1246 (Fla. 5th DCA 2001). Furthermore, an officer should not conduct a pat-down search unless he has an articulable suspicion that the suspect is armed. D.O. v. State, 832 So.2d 256 (Fla. 2d DCA 2002).
Here, the officer did not testify to any articulable suspicion that Sosa-Leon was armed in order to justify the pat-down. Rather, he testified that the search *344 was one he routinely conducted under similar circumstances. Accordingly, the trial court’s conclusion that the detectives had reason to believe that Sosa-Leon was armed and were justified in performing the pat-down search is not supported by the testimony presented at the hearing.
The State argues that even if the detective lacked justification to perform the pat-down search, the suppression should be affirmed based on the good-faith exception set forth in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We disagree. Leon indicates that evidence found during an illegal search performed when the officer believes he is acting in reasonable reliance upon a warrant should not be excluded. Here, the detective was not searching Sosa-Leon based on a warrant. The detective did not testify that he thought Sosa-Leon was sufficiently related to the activities of the residence to bring him within the purview of the search warrant. Accordingly, Leon does not apply to these facts.
Reversed and remanded.
BLUE, C.J., and COVINGTON, J., Concur.