DAVIS, Judge.
Appellant, Ronald Curley Copeland, Jr., seeks review of his judgment of conviction and sentence for possession of marijuana and violation of probation, arguing that the trial court erred in denying his motion to suppress evidence. Because the evidence was obtained as a result of an invalid frisk, we reverse.
Testimony offered at the suppression hearing revealed that two deputy sheriffs of the Escambia County Sheriff’s Office were patrolling a “heavily traveled trail” in a wooded area of a high-crime neighborhood on October 10, 1996. At approximately 10:15 p.m., the deputy sheriffs were walking on the trail and encountered Appellant and another individual, both of whom they recognized. The deputy sheriffs and the individuals were engaged in “small talk” when Deputy Pickett noticed a bulge inside Appellant’s jacket. As soon as he saw the bulge, he reached out and touched it. Feeling that it was not a weapon or anything hard or solid, Deputy Pickett grabbed a hold of it, squeezed it, and let it go, immediately asking Appellant what it was. Appellant informed the Deputy that it was “reefer” and he was immediately arrested and charged with possession.
The court denied Appellant’s motion to suppress by written order, concluding that “the officer’s brief squeeze of Mr. Copeland’s jacket did not elevate this encounter to that of a stop, and that Mr. Copeland was not seized because a reasonable person would have felt that he was free to disregard the question and walk away.”
Appellant contends that the trial court erred in denying his motion because the frisk, albeit a brief squeeze, converted the encounter into a detention for which the deputies lacked the requisite reasonable suspicion. The State argues that the brief squeeze did not create a seizure and that the encounter remained consensual because a reasonable person would have felt free to walk away.
*85 We approach this case mindful of the limitations on our review. A trial court’s ruling on a motion to suppress is presumptively correct, Johnson v. State, 608 So.2d 4 (Fla.1992), and appellate courts should interpret the evidence and reasonable inferences therefrom in a manner favorable to sustaining the trial court’s order, McNamara v. State, 357 So.2d 410 (Fla.1978); State v. Setzler, 667 So.2d 343 (Fla. 1st DCA 1995). The trial court’s determination on whether there has been a consensual encounter is a factual question which “should not be disturbed on appeal unless clearly erroneous.” Jones v. State, 658 So.2d 178 (Fla. 1st DCA 1995)(citing Davis v. State, 594 So.2d 264, 266 (Fla.1992)).
We hold that the trial court erred in denying Appellant’s motion to suppress because the consensual encounter determination was clearly erroneous. We hold that the consensual nature of the encounter ceased when the Deputy exercised his authority by reaching out and touching Appellant’s jacket. A consensual encounter “involves only minimal police contact. During a consensual encounter a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them.” Popple v. State, 626 So.2d 185, 186 (Fla.1993). We find that Appellant had no choice in either complying with or ignoring the Deputy’s “brief squeeze.” The trial court’s emphasis on Appellant’s right to ignore the Deputy’s inquiry is misplaced because the inquiry was made after the Deputy touched Appellant’s jacket. The act of reaching, touching, feeling, and squeezing Appellant’s jacket constituted a show of authority which restrained Appellant’s freedom to move, comply, or otherwise terminate the encounter. Such a frisk turned the routine and consensual encounter into a “stop” necessitating closer scrutiny. See Hamilton v. State, 612 So.2d 716, 718 (Fla. 2d DCA 1993) (citation omitted). Courts must guard against police conduct which “trenches upon personal security without the objective evi-dentiary justification which the Constitution requires.” Terry v. Ohio, 392 U.S. 1, 15, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
We decline to reach the issue of whether the Deputy’s action was justified at its inception, i.e., whether he had a reasonable suspicion that criminal activity was afoot, because more is required before he could conduct the frisk or search. See Stalling v. State, 678 So.2d 843, 845 (Fla. 1st DCA 1996). “The standard for evaluating the reasonableness of a frisk is whether the officers were justified in believing that the suspect was armed and dangerous.” State v. Webb, 398 So.2d 820, 824 (Fla.1981)(holding that what is required for a valid frisk is a reasonable belief on the part of the officer that á person temporarily detained is armed with a dangerous weapon). In the instant case, there were no facts to support a reasonable belief that Appellant was armed. The Deputy did not articulate any reason to believe that Appellant was armed.
We conclude that the facts are insufficient to justify the frisk; it was neither pursuant to a warrant nor any recognized exception to the warrant requirement and therefore was illegal. The trial court erred in denying Appellant’s motion to suppress. Accordingly, we reverse the judgment and sentence and remand this case with instructions to grant the motion to suppress, discharge Appellant for the charged offense, reverse the revocation of probation, and restore the probation.
REVERSED and REMANDED with directions.
ALLEN and WOLF, JJ., concur.