VAN NORTWICK, J.
Anhthuan Estevez appeals a judgment of conviction and sentences for possession of a firearm by a convicted felon and resisting arrest without violence, arguing that the trial court reversibly erred in denying his motion to suppress. Because the evidence is undisputed that the police officer lacked a reasonable suspicion that Estevez was armed, we agree the trial court erred in denying the motion to suppress. Accordingly, we reverse in part, affirm in part, and remand for further proceedings.
While Estevez was in a department store, he was asked to leave by store employees. At the same time, a police officer, who happened to be in the store investigating an unrelated incident, advised Estevez that he was to be issued a trespass warning. The officer instructed Es-tevez to come with him to his patrol car, where the trespass warning forms were kept. As the two men reached the car, the officer started to conduct a pat-down search of Estevez, who sought to physically. evade the search. A firearm was found on Estevez, and he was later charged with possession of a firearm by a convicted felon and resisting arrest without violence. Estevez moved to suppress the firearm and statements made by him on the grounds, among others, that, when the officer conducted the pat down, he lacked a reasonable suspicion that Estevez was armed, that Estevez offered a threat to the safety of the officer or others, or that Estevez was engaged in criminal activity.
At the suppression hearing, the officer’s testimony reflected that he conducted a pat-down search of Estevez not out of any particularized concern for his safety, but *186 as a matter of routine. The officer testified:
We get almost directly next to my vehicle at which time I advised the subject I was going to pat him down to make sure he didn’t have any weapons on him, drugs, paraphernalia, or anything of that nature, and I was going to let him have a seat in the back of my car so I could write a trespass warning in a safe environment.
The officer admitted that he conducts a pat-down search as a matter of routine when placing persons in his vehicle. The officer further testified that, prior to the pat-down search, he had no intention of arresting Estevez and intended only to issue a trespass warning. The trial court denied the motion to suppress, and Este-vez thereafter entered a no contest plea specifically reserving the right to appeal the denial of his motion to suppress.
In Stalling v. State, 678 So.2d 843, 845 (Fla. 1st DCA 1996), we held that “an officer must have probable cause to believe a suspect is armed before the officer can conduct a pat down search or frisk of the suspect to ascertain the presence of a weapon.” (Emphasis in original).[1] Similarly, in Hunt v. State, 700 So.2d 94 (Fla. 2d DCA 1997), the reviewing court explained that pat-down searches performed routinely or for safety purposes only are constitutionally impermissible. Accord Augustus v. State, 773 So.2d 104 (Fla. 5th DCA 2000)(pat-down search conducted by a police officer who was preparing to write a trespass warning was unconstitutional because the search was undertaken only for generalized safety concerns); C.Q. v. State, 801 So.2d 304 (Fla. 5th DCA 2001); M.A.H. v. State, 559 So.2d 407 (Fla. 1st DCA 1990).
On the authority of Stalling, we hold that the trial court erred in denying Estevez’ motion to suppress. Accordingly, his conviction for possession of a firearm by a convicted felon is hereby reversed and his sentence therefor is vacated. Because possession of a firearm is not an element in the offense of resisting arrest without violence, Estevez’ conviction for that offense is affirmed. This cause is remanded for calculation of a revised criminal sentencing scoresheet and for resentencing pursuant to section 775.082(4)(a), Florida Statutes (2002).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BENTON, J., concurs and WOLF, C.J., dissents with written opinion.

. While this court in Stalling, following section 901.151, Florida Statutes, employs the term "probable cause,” the Florida Supreme Court has held that "probable cause” for the purpose of evaluating a frisk after a stop is the equivalent of "reasonable belief.” State v. Webb, 398 So.2d 820, 824-5 (Fla.1981); see Poole v. State, 639 So.2d 96, 98 n. 3 (Fla. 5th DCA 1994); Copeland v. State, 717 So.2d 83 (Fla. 1st DCA 1998).