381 So.2d 260 (1980)
Eddie James HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-731/T4-84.
District Court of Appeal of Florida, Fifth District.
February 13, 1980.
Rehearing Denied March 25, 1980.
*261 Richard L. Jorandby, Public Defender and Jack Goldberger, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
SHARP, Judge.
Eddie James Harris was convicted of attempted burglary after a jury trial. The appellant urges that reversible error was committed by the trial court when it refused to declare a mistrial, after two prosecution witnesses made improper comments about the appellant remaining silent, following his arrest and being read his "Miranda" warnings.[1] Defense counsel made timely objection and moved for a mistrial, in each instance. We agree that reversible error occurred, and accordingly we reverse and remand for a new trial.
The Florida Supreme Court set forth in Clark v. State, 363 So.2d 331 (Fla. 1978) the principles which control this case. If during a jury trial a timely objection and motion for mistrial are made, following improper comment on a defendant's right to remain silent, the case must be reversed for new trial, without regard to the "harmless error" rule, and without regard to any curative instructions by the court. It makes no difference whether the comment is made by the prosecutor, state witness, court witness, or a defense witness (unless invited or deliberately procured by the defense). Nor does it matter whether the comment is deliberate or spontaneous. What the jury hears or may understand or infer is the critical point.
In this case the comments were not deliberate. They occurred as a result of questioning by the prosecutor. Officer Parker, one of the arresting police officers, testified that he read the appellant the "Miranda" warnings. The prosecutor asked, "What, if anything, did the defendant say at that time?" He replied, "At that time, he did not indicate anything." Later in the trial, Lieutenant Scott, another police officer present at appellant's arrest, was asked, "When you said, do you understand what I told you, what if anything did he say or do?" Lieutenant Scott said, "There was no, nothing." From the bench-side conference, out of the presence of the jury, it is clear that the trial court and attorneys were trying to ascertain what the appellant said or did to indicate he understood the "Miranda" warnings. But the testimony the jury heard was not so limited. Both instances could have been understood by the jury as improper comment on the appellant's remaining silent at the time of his arrest and thus they constitute reversible error. Shannon v. State, 335 So.2d 5 (Fla. 1976); Bennett v. State, 316 So.2d 41 (Fla. 1975); Jones v. State, 200 So.2d 574 (Fla.3d DCA 1967).
The appellant's conviction is reversed, and this cause is remanded for a new trial.
REVERSED AND REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).