FRANK D. UPCHURCH, Judge.
This is an appeal from a judgment and sentence of the Circuit Court for Orange County involving the offense of receiving stolen property.
Appellant raises as error that the trial court failed to grant appellant’s motion for mistrial when the state produced testimony as to appellant’s post arrest silence.
We reverse.
On March 23, 1977, appellant was arrested in connection with the theft of an automobile and was advised of his Miranda rights. During the trial, the prosecution asked Officer Eagle, the arresting officer, the following question:
Q. Did you have further conversation with Eddie Scott there at that time, Mr. Ferguson?
A. Yes, sir, I did. It was more or less asking basic questions, where he had been, what he had been doing, so forth. For the most part, he refused to answer any questions, and he denied any allegations that were made.
This testimony was clearly improper as the court recognized in sustaining the objection and directing the jury to disregard it. However, the error cannot be considered harmless. The error was constitutional in dimension and it is reversible error not to have granted the mistrial. Weiss v. State, *244 341 So.2d 528 (Fla.3d DCA 1977). It was not cured by the admonition to the jury to disregard the testimony. Bennett v. State, 316 So.2d 41 (Fla.1975). See also Harris v. State, 381 So.2d 260 (Fla.5th DCA 1980).
REVERSED and REMANDED for new trial.
DAUKSCH, C. J., and ORFINGER, J., concur.