HARRIS, Judge.
Officers of the Orlando Police Department stopped a vehicle containing four youths in order to issue a traffic citation. There was no suspicion of criminal activity. The officers ordered the passengers, including E.H., a passenger in the backseat, to get out of the car. Because E.H. “kept reaching into his pocket,” one officer conducted a pat down and felt “plastic, with some hard, rocklike rocks.” Based on his training and experience, the officer recognized the feel of the contents within the passenger’s pocket as “rock cocaine.” He seized the contents of the pocket and at *244 tempted to justify the seizure on the “plain touch” doctrine. The trial court refused to suppress the evidence.
We need not decide this case on whether the plain touch doctrine permits this seizure. We reverse because the search itself was improper. The state’s reliance on section 901.151 is misplaced. First, this was not a Terry stop. There was no indication or even suspicion that the youths had committed, were committing, or were about to commit a violation of the criminal laws of the state. A non-criminal traffic violation justified the temporary detention solely for the purpose of issuing a citation. Cf. Cresswell v. State, 564 So.2d 480 (Fla.1990). Although the officer expressed concern that E.H. kept reaching into his pocket, the state never established that the officer had probable cause to believe that E.H. was armed with a dangerous weapon. There was no testimony, for example, that the officer observed a bulge in E.H.’s pocket or made any other observation which caused him to believe that a dangerous weapon might be present.
We also are concerned with officer safety. But that concern can not justify searching passengers in vehicles stopped for traffic offenses under the facts of this case.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.