652 So.2d 484 (1995)
STATE of Florida, Appellant,
v.
Travis L. HALL, Appellee.
No. 94-925.
District Court of Appeal of Florida, Fifth District.
March 24, 1995.
Robert A. Butterworth, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellee.
PETERSON, Judge.
The state appeals an order suppressing evidence of a handgun found on the ground beneath the waist of the appellee, Travis L. Hall, during an investigatory stop. The state argues that the detention and frisk of Hall was justified because the officer had a reasonable suspicion that Hall had discharged a firearm in public. We agree and reverse.
A Palatka police officer heard two gunshots at one o'clock in the morning while on patrol at a car dealership where numerous car burglaries had occurred. The officer testified that the gunshots were fired approximately one-half to one block away from him in the vicinity of Peter Street. He entered his unmarked patrol car and headed in the direction from which the shots had been fired. As he turned onto Peter Street, which intersected with the street fronting the dealership, he encountered Hall and another male riding bicycles. The officer saw no other persons in the area. The night had been otherwise unusually quiet and Hall and *485 his companion were the first people the officer had seen on the streets for at least an hour and a half.
Concerned about the gunshots and his safety, the officer directed his car headlights on the pair, ordered them to the ground in a face-down, spread-eagle position, and began patting down Hall's companion. While patting down the companion, the officer noticed that Hall moved his hands down and placed them in his pants under his stomach area. The officer ordered Hall to place his hands above his head in the spread-eagle position and Hall complied. As soon as the officer redirected his attention to the companion, Hall again put his hands into his pants. Having completed the search of the companion, the officer again ordered Hall to move his hands up. Because the officer did not see a gun in the back of Hall's shorts or T-shirt, the officer ordered Hall to roll over. As Hall rolled over, the officer immediately saw a handgun on the ground next to Hall's waist. The officer arrested Hall for discharging a firearm in public, a first-degree misdemeanor, and carrying a concealed firearm, a third-degree felony.
In granting the motion to suppress, the trial court found the officer's procedure of ordering the suspects on the ground face down violative of Florida's Stop and Frisk Law. § 901.151, Fla. Stat. (1993). The trial court further found the search lacked the probable cause necessary to justify a patdown. § 901.151(5). We disagree with both conclusions.
The officer, alone at 1:00 o'clock in the morning, heard gunshots which he believed had been fired within a block of a commercial establishment. He immediately headed in the direction from which the gunshots originated and saw two people on bicycles. These were the only individuals in the area and the only individuals the officer had seen in the last hour and a half. We hold that, under these circumstances, the stop was justified because the officer had a reasonable suspicion that Hall or his companion had just committed the criminal offense of discharging a firearm in a public place.[1]See Quevedo v. State, 554 So.2d 620 (Fla. 3d DCA 1989); State v. Brooks, 281 So.2d 55 (Fla. 2d DCA 1973). We also find that, owing to the factual circumstances of the detention, including the nature of the suspected crime, the officer was justified in ordering Hall and his companion to the ground before patting them down. Reynolds v. State, 592 So.2d 1082, 1085 (Fla. 1992) ("police may properly handcuff a person whom they are temporarily detaining when circumstances reasonably justify the use of such restraint").
The order granting the motion to suppress is reversed. We remand for further proceedings.
REVERSED AND REMANDED.
COBB, J., concurs.
GRIFFIN, J., dissents without opinion.
NOTES
[1] Section 790.15(1), Florida Statutes (1993) provides:

any person who knowingly discharges a firearm in any public place or on the right of way of any paved public road, highway or street, or whosoever knowingly discharges any firearm over the right of way of any paved public road, highway or street, or over any occupied premises is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.0082 or s. 775.0083. This section does not apply to a person lawfully defending life or property or performing official duties requiring the discharge of a firearm... .