700 So.2d 94 (1997)
Damian Jamal HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00972.
District Court of Appeal of Florida, Second District.
October 3, 1997.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Damian Hunt challenges his conviction and sentence for possession of cocaine. He argues the trial court erred by denying his motion to suppress because the cocaine was recovered during an unlawful pat-down search. We reverse the trial court's denial of the motion because the circumstances surrounding the search did not give rise to a reasonable belief that Hunt was armed.
The facts of the case are essentially undisputed. Hunt was stopped by Hillsborough County Sheriff Deputy Daniel Lubinski on the evening of August 15, 1995, when Lubinski observed him riding on a bicycle without headlights. According to Lubinski, the Sheriff's *95 Department was "dealing with enforcing bicycle headlight laws in the area." Lubinski waved appellant over to the roadway edge and advised him of the reason for the stop. Intending to issue a warning, Lubinski obtained appellant's identification and returned to his cruiser to retrieve his warning book.
As Lubinski began writing the warning, he noticed Hunt step off the bicycle behind him and walk around the immediate area. This caused Lubinski's attention to be divided, so he approached Hunt and asked if he had any weapons in his possession. Lubinski testified that he could not recall Hunt's response, but he then proceeded to conduct a pat-down search. During the pat-down, Lubinski felt what he believed to be a small edged weapon or short razor blade in Hunt's left pocket. At that point, Lubinski obtained Hunt's consent to look in his pocket, and he retrieved a plastic ziplock baggie containing two rocks of crack cocaine.
While the initial stop in this case was based on a traffic violation, and therefore clearly justified, the record does not support a reasonable suspicion for the subsequent pat-down search. At the hearing on the motion to suppress, Deputy Lubinski testified that he searched Hunt so that he could continue to write the warning "without having to worry" about whether appellant was armed. On cross-examination, when asked whether Hunt did anything that lead him to believe that he was armed, Lubinski answered, "No." Lubinski's testimony leads us to conclude that the pat-down search was performed routinely, for safety purposes. However, a protective pat-down search in connection with an investigatory stop is only permissive if the officer has probable cause to believe that the subject is an armed threat. § 901.151(5), Fla. Stat. (1995); State v. Webb, 398 So.2d 820 (Fla.1981); Premo v. State, 610 So.2d 72 (Fla. 2d DCA 1992). Establishing the predicate for a valid stop did not, in and of itself, justify the pat-down search in this case. Pat-down searches performed routinely or for safety purposes only are constitutionally impermissible. Harris v. State, 574 So.2d 243 (Fla. 1st DCA 1991).
Based on the record before us, we conclude that the pat-down search was unsupported by a reasonable belief that Hunt was armed. Accordingly, we reverse the trial court's denial of the motion to suppress.
SCHOONOVER, A.C.J., and NORTHCUTT, J., concur.