707 So.2d 351 (1998)
Byron CUBBY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04087.
District Court of Appeal of Florida, Second District.
January 23, 1998.
Rehearing Denied February 20, 1998.
*352 Robert A. Miller of Rothwell & Barker, P.A., St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Judge.
Appellant challenges his conviction and sentence for possession of cocaine. Appellant pled nolo to the charges against him after the trial court denied his motion to suppress. On appeal, he argues that the trial court erred in denying his motion to suppress because the pat-down search was unlawful in that the arresting officer had no reason to believe he was involved in any criminal activity. We agree and reverse the trial court's denial of the motion.
At approximately 4:30 p.m., St. Petersburg Police Officer Brian Rivera was on patrol in an area known for narcotics activity when he observed appellant and another individual emerge from behind a garage and walk into an alley. Rivera testified that both subjects appeared surprised when they walked past his police cruiser. Rivera asked appellant if he could speak with him, and appellant complied. The second individual kept walking and was not identified. Rivera told appellant that the reason for the stop was that the area was known for frequent narcotics activity. Rivera asked if appellant would allow him to pat him down since weapons had been found in the area. Appellant then patted himself, turned around, and extended his arms. Rivera then told appellant to face him, at which time he conducted a pat-down search which revealed a bottle of Ginseng fluid in appellant's left pants pocket. Rivera testified that he observed a bulge in appellant's right pocket that he thought could have been a weapon. After patting the right pocket, he felt a pebble-like substance which, due to his experience, he believed to be crack cocaine. Appellant was thereafter placed under arrest, and the cocaine was retrieved.
A police officer does not need a founded suspicion of criminal activity to make a brief stop of an individual to determine the person's identity or make inquiries. See State v. Carley, 633 So.2d 533 (Fla. 2d DCA 1994); Hill v. State, 561 So.2d 1245 (Fla. 2d DCA 1990). A frisk or pat-down, however, will transform a routine, consensual, police-citizen encounter into a "stop," requiring closer scrutiny. See Sholtz v. State, 649 So.2d 283 (Fla. 2d DCA 1995); Hamilton v. State, 612 So.2d 716 (Fla. 2d DCA 1993).
At the suppression hearing, Rivera testified that he did not see appellant commit a crime and had no information that appellant was armed. It is therefore clear that the pat-down was conducted as a routine safety measure. A protective, pat-down search in connection with an investigatory stop is only permitted if the officer has probable cause to believe that the subject is an armed threat. See § 901.151(5), Fla. Stat. (1995); State v. Webb, 398 So.2d 820 (Fla. 1981); Premo v. State, 610 So.2d 72 (Fla. 2d DCA 1992). Since it is clear from the record that Rivera had no reasonable suspicion that appellant was involved in any criminal activity nor a reasonable belief that he was armed, the pat-down was invalid. Accordingly, we *353 reverse the trial court's denial of the motion to suppress and remand. Since appellant's nolo plea reserved the right to appeal the dispositive issue raised by his motion to suppress, on remand, appellant should be discharged.
THREADGILL, J., concurs.
PARKER, C.J., dissents with opinion.
PARKER, Chief Judge, dissenting.
I agree that there is case law that holds that a frisk or pat-down search transforms a police-citizen encounter into a "stop." However, an exception to that case law exists when a citizen consents to a pat-down search or full search, even where the law enforcement officer possesses no reasonable suspicion of criminal activity. In Hosey v. State, 627 So.2d 1289 (Fla. 5th DCA 1993), a case that began as a law enforcement-citizen encounter on a train, the Fifth District Court stated: "If a valid consent is obtained, it does not matter if the request was based on a random inquiry or based on suspicion less than probable cause. The issue is not why the request was made but rather whether the consent was freely and voluntarily given." Id. at 1290 n. 2.
Therefore, the question which I feel must be resolved in this case is whether Cubby consented to the officer's pat-down search. If there was a valid consent, the officer's "plain feel" ability to immediately determine that there was cocaine located in Cubby's pocket permitted a seizure. See Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).
Here, Officer Rivera asked Cubby to stop and speak with him. Officer Rivera made no attempt to stop Cubby's companion who kept walking. Officer Rivera stated that the companion continued walking away and that he could not stop the companion. I assume that means that Officer Rivera recognized that he had no legal justification to stop or detain Cubby's companion. When Cubby stopped at Officer Rivera's request, Officer Rivera explained about the frequent narcotics activity in the area and asked if he could conduct a pat-down because weapons were known to be in the area. Cubby quickly patted his own pockets, turned his back to Officer Rivera, and extended his arms parallel to the ground. Officer Rivera asked Cubby to turn back around and Cubby complied with arms still extended. Officer Rivera conducted a pat-down at which time he felt the cocaine and then seized it.
I conclude that the key to this case is whether Cubby's actions established a voluntary consent to the pat-down search or whether his actions were mere acquiescence to the officer's authority. When the validity of a search rests on consent, the State must demonstrate that such consent was unequivocally given and not merely deference to apparent authority of the law enforcement officers. See Thompson v. State, 555 So.2d 970 (Fla. 2d DCA 1990). Absent any improper conduct prior to securing an alleged consent, the consent issue should be determined by the greater weight of the evidence presented to the trial court. See Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987).[1]
The determination of whether consent to search was voluntary is a question for the trial judge and should not be disturbed on appeal unless the trial judge's determination is clearly erroneous. See Davis v. State, 594 So.2d 264 (Fla.1992). Under the facts of this case, I cannot say that the trial judge's order denying the motion to suppress is clearly erroneous. Accordingly, I would affirm.
NOTES
[1] The clear and convincing standard of evidence is applicable only when the initial stop or detainment was illegal. See Velez v. State, 554 So.2d 545 (Fla. 5th DCA 1989).