723 So.2d 387 (1999)
Lorenza COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02861.
District Court of Appeal of Florida, Second District.
January 6, 1999.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Lorenza Coleman timely appeals the denial of his dispositive motion to suppress cocaine seized from him pursuant to a traffic stop. We reverse.
An officer of the Naples Police Department conducted a traffic stop based on a cracked windshield in a well-lit parking lot of an automobile dealership. A background check revealed that Coleman had a valid driver's license and no outstanding warrants. The officer noticed that Coleman was acting nervous and holding his hand over his pants pocket. The officer did not see any weapons in plain view, nor did he notice any bulge in Coleman's pockets or shirt that might have indicated a weapon. Because Coleman was holding his hand over his pocket, the officer conducted a pat down of Coleman's exterior clothing. The officer noticed a "bulge" in Coleman's pocket like a "kernel of corn." The "bulge" was a quarter-inch sized square and the consistency was soft and yielding to pressure. Based on his training and experience the officer believed that the "bulge" was consistent with that of crack cocaine. The officer seized the item in Coleman's pocket which field tested positive for crack cocaine. The trial court denied Coleman's motion to suppress.
On appeal, Coleman concedes that the stop was proper. However, he challenges the seizure of cocaine from his person after the pat down. Coleman relies on E.H. v. State, 593 *388 So.2d 243 (Fla. 5th DCA 1991), which is dispositive. The court, in E.H., did not decide the case on the plain touch doctrine. Rather, in E.H., the court held that an officer's pat down search pursuant to a traffic stop was impermissible where the appellant kept reaching into his pocket but there was no probable cause that established that the appellant was armed with a dangerous weapon and there was no suspicion or indication of criminal activity. See also Cubby v. State, 707 So.2d 351 (Fla. 2d DCA 1998) (holding that pat down was unlawful in that arresting officer had no reason to believe that defendant was involved in any criminal activity); Hunt v. State, 700 So.2d 94 (Fla. 2d DCA 1997) (holding that pat down pursuant to traffic stop was impermissible where circumstances surrounding search did not give rise to reasonable belief that defendant was armed). The facts in this case are very similar to the facts in E.H. The officer stopped Coleman pursuant to a traffic violation. He did not observe any criminal activity and there was no bulge in Coleman's clothing that could indicate that he was carrying a weapon. Accordingly, we reverse the trial court's order denying Coleman's motion to suppress.
Reversed.
WHATLEY, A.C.J., and SALCINES, J., and QUINCE, PEGGY A., Associate Judge, Concur.