COBB, J.
The appellee, Leonard Malone, was charged with .uttering a forgery. He successfully moved to suppress incriminating physical evidence seized from his car, and the state appeals that suppression.
At the hearing on that motion it was shown that a police officer named Hershone received a dispatch indicating that a bank employee had called 911 to report that a man was attempting to cash a forged check. The suspect was described as a six foot black male and he was in the bank at the time of the call. Hershone arrived at the bank five minutes later and saw a black Chevy Blazer backed into a parking space directly in front of the bank doors. Hershone saw that the driver was a black male who, although sitting down, appeared to be in the six-foot range (this turned out to be Malone). Upon seeing Hershone, Malone drove off hurriedly. The parking lot was “fairly empty” and there were no other vehicles leaving at that time. Hershone did not see anyone else in the bank parking lot.
Hershone followed Malone’s vehicle, ran the tag, and advised another officer, MeGlothlin, where the vehicle was headed. MeGlothlin stopped the Blazer some five blocks from the bank. The stop was based entirely on the radio message from Her-shone. MeGlothlin immediately determined that Malone’s driver’s license was suspended, arrested Malone, and conducted a search of the Blazer incident to arrest. This search produced pieces of forged cheeks, the subject matter of the subsequent motion to suppress giving rise to the instant appeal.
The defense argued below that the stop of Malone’s car was not based on a reasonable suspicion that he had committed a crime but on a mere hunch. The trial court agreed and entered the following order:
This Court finds that the stop here was done in the absence of a founded suspicion that the Defendant, in the Blazer, had committed, was committing, or was about to commit a crime. When Hershone arrive[d] at the bank, he knew only that there was a black male in the bank trying to cash a forged check. He did not know whether the person was still in the bank or had departed. He had no information to connect the Blazer or the defendant to the transaction in the bank. That is, Her-shone had no information that the defendant had been outside the Blazer; he did not know how long the Blazer had been there; he had no information that any vehicle was associated with the suspect in the bank; he had no information that more than one person was involved in the attempt to cash the forged check; he had no particularized description of the person attempting to cash the check; and he did not know if the person who tried to cash the check had left the bank. All Officer Her-shone had was a hunch that the Blazer might be involved. It was a good hunch, but it was only a hunch — a mere suspicion. Popple [v. State, 626 So.2d 185 (Fla.1993) ] and numerous other cases hold that a hunch is not sufficient to justify a police stop. See e.g., Bellamy v. State, 696 So.2d 1218 (Fla. 2d DCA 1997) and Sanders v. State, 666 So.2d 1035 (Fla. 1st DCA 19[9]6). Under the circumstances, therefore, this Court grants the Defendant’s motion to suppress the evidence seized by police from the Blazer subsequent to the stop.
We agree with the state that the facts of this case, which are not in dispute, justify a Terry[1] stop of Malone’s vehicle. As pointed out by the United States Supreme Court, the reasonable suspicion standard for an investi *1010 gating detention is much lower than that for probable cause:
That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. We have held that probable cause means “a fair probability that contraband or evidence of a crime will be found”, and the level of suspicion required for a Terry stop is obviously less demanding than for a probable cause.
United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989).
A court’s evaluation of reasonable suspicion is guided by common sense and ordinary human experience. State v. Burns, 698 So.2d 1282, 1284 (Fla. 5th DCA 1997). Those factors support the actions of the police in the instant case. We agree with the argument set forth in the state’s brief:
Hershone received a call dispatching him to the bank because a 6-foot tall black male was attempting to pass a forged check. The crime was reported by a bank employee, and therefore the information was more reliable than if reported by an anonymous tipster. See, State v. Evans, 692 So.2d 216, 219 (Fla. 4th DCA 1997); Aguilar v. State, 700 So.2d 58 (Fla. 4th DCA 1997); Foy v. State, 717 So.2d 184 (Fla. 5th DCA 1998). Hershone arrived five minutes later, which would have given the suspect time to get outside. He observed a black male who generally matched the description sitting in a parked Blazer. The Blazer was backed into a parking space directly in front of the bank’s doors. One committing a crime might park their vehicle in this manner to facilitate a quick get-away. See, State v. King, 485 So.2d 1312 (Fla. 5th DCA 1986). When the man in the Blazer saw the officer drive up, he put the Blazer in gear and pulled away in a hurry. See, State v. Tamer, 449 So.2d 890 (Fla. 3d DCA), rev. denied, 455 So.2d 1033 (Fla.1984). There were not many cars in the parking lot, no other people were in the parking lot, and no one else was leaving at that time.
These are articulable facts which caused the officer to reasonably suspect that Malone had tried to pass a bad check at the bank. See, State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982); State v. Hall, 652 So.2d 484 (Fla. 5th DCA 1995); Johnson v. State, 696 So.2d 1271 (Fla. 5th DCA 1997); Manuel v. State, 526 So.2d 82 (Fla. 4th DCA 1987), [rev. denied, 520 So.2d 585 (Fla.1988) ]. Accordingly, the ensuing Terry stop was lawful and the evidence should not have been suppressed.
We reverse the trial court’s suppression order and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DAUKSCH and GOSHORN, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).