STONE, J.
Appellant entered a plea of nolo conten-dere to the charge of carrying a concealed weapon, reserving the right to appeal the denial of his motion to suppress the weapon. While we are cognizant of the deference afforded a trial court’s ruling on a motion to suppress, see McNamara v. State, 357 So.2d 410 (Fla.1978); Glover v. State, 677 So.2d 374 (Fla. 4th DCA 1996), we conclude that the trial court erred in finding that the search by the officer was reasonable under the circumstances of this case. We, therefore, reverse.
The facts are not in dispute. At 11:50 p.m., Appellant was observed by a police officer riding a bicycle, without lights, in a “high crime” area. The officer approached Appellant and made inquiries as to his identity. Appellant, a juvenile, gave the officer his name but did not have any identification. The officer advised Appellant that he was going to conduct a pat-down search, which, according to the officer, is “routine” under these circumstances. The officer then seized Appellant by placing Appellant’s hands on top of his head. As the pat-down began, Appellant advised the officer that he had a firearm in his back pocket. The officer found the firearm and placed Appellant under arrest.
The propriety of the initial traffic stop is not at issue. The issue is whether Appellant’s riding without lights and inability to produce identification was sufficient to warrant a reasonable belief that he was carrying a dangerous weapon, thereby justifying the ensuing seizure and commencement of a frisk.
*165 It has long been recognized that an officer, for his own protection or the safety of others, may conduct a pat-down search for weapons that he reasonably believes are in the possession of a person temporarily detained. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The test is whether a reasonably prudent officer, under the circumstances which exist at the time of the stop, would be warranted in the belief that his safety, or the safety of others, was in danger. See id.; § 901.151(5), Fla. Stat. (1997).
The state asserts that Appellant’s behavior, by riding a bicycle at night without a light or identification, supports a search for weapons. The cases that would tend to support the state’s contention are distinguishable.
In Richardson v. State, 599 So.2d 703 (Fla. 1st DCA 1992), an officer stopped the defendant for riding a bicycle without a light. Once stopped, the defendant became extremely nervous. The officer also observed a bulge at the back of the defendant’s waist, giving the officer reason to be concerned for his safety. The ensuing pat-down resulted in the discovery of the weapon, which the defendant sought to suppress. The First District found the officer’s description of the defendant’s conduct, together with the observation of the bulge, sufficient to support the trial court’s determination that the frisk was justifiable. See id. at 706. In reaching this conclusion, however, the court noted that without this additional evidence, the issuance of a citation for failing to have a bicycle light would not have been enough to validate the weapons frisk. See id.
In Graham v. State, 495 So.2d 852 (Fla. 4th DCA 1986), the defendant was observed by officers, at 1:20 a.m., riding a bicycle without a light. When approached, one of the officer’s noticed a bulge in the defendant’s pocket. Fearing that the subject was armed, the officer conducted a pat-down search resulting in the discovery of evidence which the defendant sought to suppress. This court affirmed the denial of the motion to suppress, concluding that the bulge in the defendant’s pocket was enough to warrant a reasonable belief that the defendant was armed with a dangerous weapon. See id. at 854-55.
In this case, however, there is simply no additional evidence that would cause a reasonable officer to fear for his safety. The officer saw no weapon and articulated no reason to believe Appellant was carrying a weapon. The officer admittedly did not observe any bulge, abnormal behavior, or furtive movement. Absent some additional articulable suspicion that Appellant might be armed, we find the facts in this case insufficient to justify the ensuing seizure.
We note that the trial court stated, in denying the motion, that although she personally agreed with the defense position, she felt bound by this court’s decision in B.T. v. State, 702 So.2d 248 (Fla. 4th DCA 1997). In B.T., the defendant was stopped for a bicycle violation late at night. When the defendant could not produce any identification, an officer conducted a pat-down search. This court upheld the search, finding “the officer had probable cause to stop [the defendant] and conduct a Terry pat-down for his own safety.” Id. at 250. We respectfully decline to follow the dicta in B.T. permitting law enforcement officers to conduct a frisk or pat-down search when the person detained cannot produce identification. We conclude that something more is required in order to justify a weapons frisk.
A substantial body of case law supports the result reached in this case. In E.H. v. State, 593 So.2d 243 (Fla. 5th DCA 1991), officers stopped a vehicle containing four youths in order to issue a traffic citation. The officers did not suspect criminal activity. The officers ordered the passengers, including E.H., to get out of the car. Because E.H. kept reaching in his pocket, one officer conducted a pat-down. The officer recognized the feel of the contents within the passenger’s pocket as rock co *166 caine and seized the contents of the pocket. The Fifth District reversed the trial court’s denial of the motion to suppress, finding the search improper. The court noted that the state never established that the officer had probable cause to believe that E.H. was armed. See id. at 244.
In Coleman v. State, 723 So.2d 387 (Fla. 2d DCA 1999), an officer stopped a vehicle having a cracked windshield in a well-lit parking lot of an automobile dealership. A background check revealed the driver had a valid driver’s license and no outstanding warrants. The officer noticed the driver was acting nervous and holding his hand over his pants pocket. The officer did not see any weapons in plain view, nor did he notice any bulge in the driver’s pockets or shirt. Because the driver was holding his hand over his pocket, the officer conducted a pat-down of his exterior clothing which result in the discovery of contraband. The trial court denied the defendant’s motion to suppress. The Second District, citing E.H., reversed noting that the officer stopped him for a traffic violation, did not observe any criminal activity, and no bulge appeared in the defendant’s clothing indicating he was carrying a weapon. See id. at 388.
Similarly, in Smith v. State, 735 So.2d 570 (Fla. 2d DCA 1999), the defendant was stopped for having a cracked windshield. The officer ordered the passengers, including Smith, to get out of the car “for his own safety.” Id. at 571. While placing the driver under arrest, the officer noticed that Smith was sweating and acting nervous. The officer commanded Smith to lean against the car and assume “the position.” Id. Smith refused to spread his legs. During the ensuing frisk, the officer became suspicious that Smith might have a weapon in his shoe and ordered him to remove his shoes. The officer felt a lump in Smith’s sock and, once removed, discovered a package of crack cocaine. The Second District reversed the trial court’s denial of the motion to suppress, noting that prior to the pat-down, the officer observed nothing that created an articulable and reasonable suspicion that Smith was armed. The officer noticed no bulges in Smith’s clothing, nor did Smith act furtively or suspiciously or say anything threatening. See id. at 572.
In Hunt v. State, 700 So.2d 94 (Fla. 2d DCA 1997), the defendant was stopped by a deputy sheriff after being observed riding a bicycle without headlights. Intending to issue a warning, the deputy obtained Hunt’s identification and returned to his cruiser. As he wrote the warning, he noticed Hunt step off the bicycle behind him and walk around the immediate area. This caused the officer’s attention to be divided, so he approached Hunt and asked if he had any weapons in his possession. An ensuing pat-down search resulted in the discovery of two rocks of crack cocaine. At the hearing on the motion to suppress, the deputy testified that he searched Hunt so that he could continue to write the warning “without having to worry” about whether he was armed. Id. at 95. The Second District reversed the trial court’s denial of the motion to suppress, finding the circumstances surrounding the search did not give rise to a reasonable belief that Hunt was armed. See id. at 95.
In Alexander v. State, 693 So.2d 670 (Fla. 4th DCA 1997), the appellant was standing in a public area next to a truck among a group of people at approximately 9:00 p.m. Several officers stopped their vehicles and approached one of the men. An officer observed the appellant with his hands in the waistband of his jeans looking over his shoulder at the officers as they conversed. The officer ordered the appellant to remove his hands from his waistband. The officer did not observe any evidence of weapons on the appellant, such as a bulge in his clothing, nor was there any evidence of illegal activity in the immediate vicinity. This district rejected the state’s claim that the appellant’s behavior, by standing with his hands moving in his waistband and nervously looking over his shoulder at the officers, supported a *167 search and seizure "for weapons. See id. at 673.
Finally, in Ruddack v. State, 537 So.2d 701 (Fla. 4th DCA 1989), this district found insufficient support for a search where two officers, patrolling for drug activity in an apartment building in a high crime area, observed the defendant walk from one apartment to another. As they approached him, the defendant moved his hand behind his back, at which time one of the officers, concerned for his safety, grabbed his arm, resulting in the discovery of contraband. This district determined that there was nothing about the defendant’s behavior which would arouse a suspicion of criminal activity or cause a reasonable fear for officer safety and reversed the trial court’s denial of the motion to suppress. See id.
Here, the officer observed nothing that created a reasonable suspicion that Appellant was armed. In this regard, we find the instant case factually similar to the cases discussed above. As the issue is patently dispositive, we reverse the conviction and sentence and remand the cause to the trial court with directions to discharge Appellant.
FARMER, J., concurs. SHAHOOD, J., dissents with opinion.