777 So.2d 987 (2000)
Daniel James McELWAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4405.
District Court of Appeal of Florida, Second District.
August 11, 2000.
*988 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Daniel James McElwain challenges the denial of his dispositive motion to suppress following a no contest plea to possession of cocaine where he reserved the right to appeal. We agree that the officers had no justification for a patdown search; accordingly, we reverse.
This case is on all fours[1] with the case of Cubby v. State, 707 So.2d 351 (Fla. 2d DCA), review denied, 717 So.2d 538 (Fla.1998). In both cases, the defendants were walking in areas known for narcotics activity when police officers stopped to talk with them. In both cases, the officers lacked any founded suspicion of criminal activity; nor did the officers have cause to believe that the defendants were armed. In Cubby, 707 So.2d at 352, this court held that the patdown was invalid because the officers had no reasonable belief that the defendant was armed or involved in criminal activity. This conclusion was reached even though the defendant consented to the patdown. While officers do not need justification to engage a citizen in conversation, a patdown transforms a consensual encounter into a stop. See 707 So.2d at 352. "A protective, pat-down search in connection with an investigatory stop is only permitted if the officer has probable cause to believe that the subject is an armed threat." Id.
Even more compelling than the facts in Cubby, in this case Mr. McElwain refused consent for a search of his person. While we accept the trial court's factual finding that he subsequently consented to a patdown, the trial court did not make a finding that the officers believed Mr. McElwain was armed. In fact, the officers testified that they had no reason to believe he was armed. Therefore, we conclude that the officers were not justified in conducting the patdown. See Cubby. See also Coleman v. State, 723 So.2d 387 (Fla. 2d DCA 1999). Accordingly, we reverse the trial court's order denying the motion to suppress.
Reversed.
CAMPBELL, A.C.J., and SALCINES, J., Concur.
NOTES
[1] "On all fours" is used to express the idea that a case is "squarely on point (with a precedent) on both facts and law; nearly identical in all material ways...." Black's Law Dictionary 1116 (7th ed.1999). Such a case could be referred to as a whitehorse case, or a gray mule, goose, or spotted pony case. See Bryan A. Garner, A Dictionary of Modern Legal Usage 577 (1987). To this panel, the nature of the beast appeared to be a brown-and-white spotted cow.