GRIFFIN, J.
The state charged appellant Allen Augustus [“Augustus”] with possession of cannabis with intent to sell arising from events that occurred on December 4, 1998. Augustus moved to suppress the cannabis on the ground of an unlawful search. The trial court denied the motion to suppress.[1] Augustus pled nolo contendere, while reserving his right to appeal, in exchange for two years of drug offender probation and five weekends in the county jail. Augustus now appeals, raising the issue of the denial of his motion to suppress.
McDonald’s restaurant of Leesburg employs off-duty police officers on Friday nights to control loitering and traffic. Dwayne Larverette [“Larverette”] was the assistant manager on duty the evening of December 4, 1998. Deputy Mark Womack [“Womack”] of the Lake County Sheriffs Department was working at McDonald’s this particular night. He was dressed in uniform and had his patrol car with him. At about 10:15 p.m., Womack stepped outside of the restaurant to disperse a crowd that had gathered. While Womack was standing near the door adjacent to the parking lot, Augustus walked past Wom-ack showing Womack some sort of i.d. card. Womack found this to be “very odd.” Augustus then proceeded to go to the restroom and remained there for about 20 to 30 minutes. During this time, he did not see Augustus exit; however, several other people entered the restroom, remaining for about thirty seconds, and then left. These people did not make any purchases at the restaurant. Womack periodically went into the restroom to check on Augustus, saw that he was behind the stall, so Womack did not disturb him. Womack considered the possibility of drug activity and approached Larverette, the assistant manager. Larverette replied that if Augustus was not going to purchase any food Womack should issue a trespass warning. Womack approached Augustus after Augustus came out of the restroom and sat down at a nearby booth. Womack informed Augustus that if he was not purchasing food, he would be trespassed from the establishment. At Womack’s request, Augustus willingly accompanied Womack *106 to the police vehicle so that Womack could fill out the trespass warning.
Womack testified that the paperwork was in the hatchback portion of his vehicle. Because he did not want to turn his back on Augustus to retrieve the paperwork, thus exposing his firearm, he asked if he could conduct a pat down on Augustus. Augustus refused the pat down. Womack then observed that Augustus was standing “very rigidly, very apprehensive” making Womack even more unsure of turning his back to Augustus. He then informed Augustus that he was going to pat him down for weapons. As he proceeded, Womack felt a “hard-edged object” in one of his pockets. Womack, believing that this could be a weapon, inquired as to the identity of the object. Augustus remained silent. Womack then reached into Augustus’ pocket and removed an envelope. When Womack felt Augustus’ pockets again and did not feel the hard object, again he concluded that the hard-edged object was inside the envelope, which he then opened. Inside the envelope was $220.00 and a green, leafy substance later determined to be marijuana.
Augustus argues that the motion to suppress should have been granted as the deputy did not have an articulable suspicion that Augustus was armed. Augustus also contends that, even if the deputy had an articulable suspicion to search, it is unreasonable for the deputy to believe that the “hard-edged object” in the envelope may have been a weapon. Even if the deputy did hold this belief, there was nevertheless no justification to look within the envelope.
Augustus relies on Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and section 901.151(5), Fla. Stat. (1997). See Hines v. State, 737 So.2d 1182 (Fla. 1st DCA 1999). Although there is no bright-line rule to determine whether the scope of police conduct in a stop and frisk for weapons is reasonable, courts evaluate through common sense and ordinary human experience. State v. Burns, 698 So.2d 1282 (Fla. 5th DCA 1997)(citing United States v. Melendez-Garcia, 28 F.3d 1046 (10th Cir.1994)); State v. Malone, 729 So.2d 1008 (Fla. 5th DCA 1999). Augustus also relies on Hunt v. State, 700 So.2d 94 (Fla. 2d DCA 1997), which held that pat down searches performed routinely or for safety purposes only are constitutionally impermissible. In that case, Hunt was stopped for riding his bicycle at night with no headlight. Hunt stepped off the bicycle and walked around the immediate area. This caused the police officer’s attention to be divided so he asked Hunt if he could search him. The police officer did not recall Hunt’s response, but proceeded to conduct a pat down search and felt what he believed to be a small-edged weapon in the pocket. The officer retrieved from the pocket a ziplock bag containing cocaine. The police officer testified that he searched Hunt so that he could write the warning “without having to worry” about whether appellant was armed. The Second District held that the record did not support a reasonable suspicion for the pat down search. The court held that since a protective pat down search in connection with an investigatory stop is only allowed if the officer has a reasonable belief that the subject is an armed threat, the trial court’s denial of the motion to suppress was error. See also Cubby v. State, 707 So.2d 351 (Fla. 2d DCA), review denied, 717 So.2d 538 (Fla.1998). In this case, Womack’s generalized safety concerns arose because he elected to have Augustus accompany him to his vehicle to issue McDonald’s trespass warning. This does not meet the threshold for a pat down search.[2]
Accordingly, we reverse and remand with instructions to vacate Augustus’ conviction.
*107 REVERSED, REMANDED and conviction VACATED.
THOMPSON, C.J., concurs.
ORFINGER, M., Senior Judge, concurs in result only.

. The trial court found that ''[t]he officer acted reasonably to protect his own safety under the circumstances of the case, and he had reasonable suspicion to pat down the Defendant.”

. We further agree that Womack had no justification for opening the envelope once he had it in his possession.