DANAHY, PAUL W., Senior Judge.
In this appeal, the State seeks reversal of the trial court’s order granting Johnny Carson’s motion to suppress. The State points out that McElwain v. State, 777 So.2d 987 (Fla. 2d DCA 2000), review denied, 786 So.2d 1189 (Fla.2001), on which the trial court relied in granting the motion, has been receded from in Watts v. State, 788 So.2d 1040 (Fla. 2d DCA 2001). We reverse on the basis of Watts.
At the motion to suppress hearing, the evidence showed that two officers approached Carson on bicycles and engaged him in conversation. They requested to perform a pat-down search. The search revealed a small plastic bag containing pieces of cocaine in Carson’s pocket. The one officer who testified admitted that the officers did not suspect Carson of illegal activity before approaching him. He claimed that Carson consented to a search. Carson denied having given his consent. The trial court stated that it would have denied the motion to suppress based on Carson’s consent; however, it felt constrained to follow this court’s decision in McElwain, which required that an officer have a founded suspicion of illegal activity or have cause to believe that the subject is armed before conducting a pat-down search, regardless of whether the subject consented to the search. The trial court stated as follows:
The issue of consent to the pat-down in this case may not be as critical as we would have thought under prior case law.
A reasonable interpretation of McEl-wain is that it says that, notwithstanding consent, an officer can’t do a pat-down in a citizen encounter absent a *166 probable cause type of belief that something occurred.
The trial court, conscientiously attempting to follow the current law, relied on the holding in McElwain and granted the motion to suppress.
Subsequent to the trial court’s ruling, this court receded from McElwain in Watts and held that an officer need not have a reasonable suspicion of criminal activity before seeking consent to search. Watts, 788 So.2d at 1042-43. This court, following State v. Albritton, 664 So.2d 1049 (Fla. 2d DCA 1995), stated that although searches and seizures must be founded on an objective justification, an officer’s request for consent to search is not a seizure; therefore, no objective justification is required. Id.
Here, the record supports the trial court’s finding that Carson voluntarily consented to a search. This court should not overturn a trial court’s decision regarding consent unless the decision is clearly erroneous. Davis v. State, 594 So.2d 264 (Fla.1992). Accordingly, because the trial court found that Carson consented to the pat-down search but granted the motion solely on the basis of McElwain, which is no longer the law, we reverse the order granting Carson’s motion to suppress.
Reversed.
CASANUEVA, A.C.J., and SALCINES, J., Concur.