CASANUEVA, Judge.
The State has appealed an order granting the defendant’s motion to suppress. We reverse.
This case involves a slightly unusual procedural circumstance. The defendant originally filed a motion to suppress on which the court held a hearing and issued a detailed order specifying its findings. The court held that the State had proven by the preponderance of the evidence that the defendant had freely and voluntarily consented to the search leading to his arrest, and that his consent was not induced by fear of the police or acquiescence to their authority. Shortly thereafter, however, the defendant’s attorney filed a motion for reconsideration, urging that the court reverse its decision on the basis of this court’s rulings in McElwain v. State, 777 So.2d 987 (Fla. 2d DCA 2000), and Cubby v. State, 707 So.2d 351 (Fla. 2d DCA 1998), which held that officers without a founded suspicion of criminal activity are not justified in conducting a patdown of a suspect, even if the suspect consents to the search. The circuit court in this case found the defense motion well taken and reversed its previous ruling, thereby suppressing the evidence and statements flowing from the consensual search on the grounds that the officer who stopped the defendant had no objective justification to request the search.
When the circuit court entered its order reconsidering its previous denial of the motion to suppress, it did so without the benefit of this court’s subsequent en banc opinion in Watts v. State, 788 So.2d 1040 (Fla. 2d DCA 2001). In Watts we receded from Cubby and McElwain and held that “an officer need not have a reasonable or founded suspicion of criminal activity before seeking consent to search.” Watts, 788 So.2d at 1042-43. The effect of Watts was to return the law to the state in which it had been when the circuit court issued its original ruling.
Accordingly, we reverse the order on appeal, reinstate the order denying the motion to suppress that was filed of record on October 5, 2000, and remand for further proceedings.
ALTENBERND and SALCINES, JJ., Concur.