37 So.3d 384 (2010)
T.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D09-1629.
District Court of Appeal of Florida, Fourth District.
June 9, 2010.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
T.M., a child, was adjudicated delinquent for possession of cannabis less than twenty grams. T.M. appeals the trial court's denial of his motion to suppress, which is dispositive. The discovery of the cannabis was the result of a pat-down, which T.M. contends was without his consent and illegal. "Officer safety" was the basis upon which the trial court found the pat-down to be justified. We agree that the pat-down *385 was unwarranted and illegal, as there were no facts or circumstances warranting the pat-down for officer safety. We therefore reverse the trial court's denial of the motion to suppress and direct the trial court to vacate the adjudication of delinquency.
While on patrol, Deputy Adam Bailey of the St. Lucie County Sheriff's Office entered a residential neighborhood located in a high crime area and passed two black juvenile males, R.J. and appellant, T.M. Bailey testified their presence was suspicious because it was 11 a.m., during school hours, and because the area where they were located had a high rate of drug sales and burglaries. After passing the two juveniles, Bailey circled back around to investigate but by that time the juveniles were gone. Bailey continued to patrol, heading to an adjacent block. He then saw the same two juveniles coming from a path adjacent to a residence. Because he suspected they were either unlawfully missing school or were about to commit a burglary or drug sale, Bailey stopped the two juveniles. The juveniles did not act suspiciously or attempt to flee.
Bailey asked the two juveniles what school they attended and T.M. said he attended the local community college. Bailey did not believe T.M.'s explanation since he appeared to be under the age of eighteen. Bailey also learned that the two juveniles' primary addresses were not located in that residential area.
Bailey admitted that the answers he received from T.M. and R.J. dispelled any concern that the juveniles had just committed or were about to commit a burglary or a drug sale. Bailey's only remaining suspicion was that the boys were impermissibly missing school.
The juveniles were cooperative and respectful, and there was no indication that they were carrying a concealed weapon, i.e., Bailey saw no bulges on their persons resembling a weapon. Despite these facts, Bailey proceeded to pat-down the juveniles for what he termed "officer safety." Bailey attested that the basis of his fear for officer safety was that there were two of them and, therefore, he was outnumbered. However, there was no indication that either R.J. or T.M. made any threatening, furtive, or nervous gestures.
While Bailey patted-down R.J., he observed T.M. moving his hands in front of his waistline area. Bailey still did not observe anything on T.M.'s person that resembled a weapon. He then asked T.M. to place his hands on his head and to interlace his fingers. Bailey secured T.M.'s hands with his right hand and moved his left hand to T.M.'s waist and lifted T.M.'s shirt, where he saw a yellow baggie filled with cannabis. Bailey seized the cannabis and placed T.M. under arrest.
At the suppression hearing, T.M. conceded that the initial stop was a valid investigatory stop, but argued that the pat-down search of T.M. for weapons was illegal.
The trial court is vested with the authority to determine the credibility of witnesses and the weight of the evidence in ruling on a motion to suppress. Although we are required to accept the trial court's determination of the historical facts, a defendant is entitled to a de novo review of whether the application of the historical facts to the law establishes an adequate basis for the trial court's finding of reasonable suspicion. Delorenzo v. State, 921 So.2d 873, 876 (Fla. 4th DCA 2006) (citations omitted).
Following an investigatory stop, "`police officers are authorized to execute a pat-down for weapons only where they have a reasonable suspicion to believe that a suspect is armed with a dangerous weapon.'" Ray v. State, 849 So.2d 1222, 1224 *386 (Fla. 4th DCA 2003) (quoting Campuzano v. State, 771 So.2d 1238, 1243 (Fla. 4th DCA 2000)). This means that a weapons pat-down is justified when "`a reasonably prudent officer, under the circumstances which exist at the time of the stop, would be warranted in the belief that his safety, or the safety of others, was in danger.'" Id. at 1225 (quoting L.D. v. State, 770 So.2d 164, 165 (Fla. 4th DCA 2000)). An example of the "circumstances justifying a weapons pat-down is the combination of the defendant's nervousness and the officer's observation of a bulge in the defendant's clothing." Id. Further justifying a weapons pat-down is officer knowledge of a link between the observed behavior and criminal activity that may threaten officer safety. See id.
In Ray, this court held unconstitutional a weapons pat-down. In that case, a police officer, while patrolling in a high crime area, permissibly stopped the defendant for riding a bicycle at night without proper illumination. During the stop, the officer described the defendant's movements as "furtive," with the defendant acting nervously and refusing to take his hands from his coat pockets. The officer did not observe any bulges in the defendant's pockets. However, because of the defendant's nervousness and reluctance to remove his hands from his pockets, along with the officer's knowledge that such movements were indicative of drugs and weapons, the officer feared for his safety and conducted a weapons pat-down. That search revealed a plastic baggie filled with crack cocaine rocks.
After the trial court upheld the search and seizure, this court reversed. It held the officer did not have the requisite suspicion needed to justify the weapons pat-down. This was because, although the defendant made furtive movements, refused to remove his hands from his pockets, and acted nervously, the officer did not observe any bulges resembling a weapon in the defendant's pockets. Further, the officer's knowledge of criminal activity did not justify his fear for officer safety, as the behavior for which the officer stopped the defendant did not reflect drug related or violent criminal activity. Rather, the police officer stopped the defendant because the defendant improperly operated a bicycle. Based on these facts, this court found the circumstances surrounding the pat-down did not provide the requisite suspicion of danger to officer safety needed to justify the pat-down.
In this case, the trial court erred by not suppressing the evidence. The officer stopped T.M. because he suspected that T.M. had just participated or was about to participate in a burglary or drug sale. That suspicion, however, was dispelled upon questioning T.M., which took place before the pat-down. Thus, at the time of the pat-down, Bailey believed only that T.M. was impermissibly missing school.
Under these circumstances, Bailey did not have the requisite suspicion needed to justify the pat-down. Before patting down T.M., Bailey did not observe any bulges that resembled a weapon near T.M.'s waistline area. T.M. also did not attempt to grab anything from his pockets, and Bailey had no knowledge linking T.M. to criminal activity involving a weapon.
Therefore, we reverse the denial of the motion to suppress and direct the trial court to vacate the adjudication of delinquency.
Reversed and Remanded.
FARMER and DAMOORGIAN, JJ., concur.