LAWSON, J.
Arnold Fant appeals the denial of his dispositive motion to suppress evidence obtained from a search incident to his arrest on January 10, 2006. He argues that probable cause for that arrest stemmed directly from an illegal stop and search on October 5, 2005, and thus, the evidence seized on January 10 was fruit of the poisonous tree. We agree that the evidence seized from Fant should have been suppressed, and reverse the trial court’s order.
The trial court found that Fant was in a high crime area (known for its drug activity) on October 5, 2005, when police approached him on the property of a small apartment complex to determine if he was trespassing there. The trial court further found that Fant fled as soon as he saw the officers approaching him. Police immediately pursued Fant, caught him, and conducted a pat-down search of his person— finding pills hidden in his socks, that were later confirmed to be controlled substances. When one of these same officers next encountered Fant on January 10, 2006, he arrested Fant (without a warrant) for possession of the narcotics found on his person approximately three months earlier, on October 5, 2005.
We agree with the State that the October 5, 2005 detention (or Terry[1] stop) of Fant was legal under the holding of Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (holding that an individual’s unprovoked flight in a high crime area upon seeing law enforcement officers provides reasonable suspicion justifying a brief detention of the person). However, there were no facts introduced at the suppression hearing which could have supported a finding that police were justified in searching Fant’s person during the October 5 detention.
As explained in Augustus v. State, 773 So.2d 104, 106 (Fla. 5th DCA 2000), “a protective pat down search in connection with an investigatory stop is only allowed if the officer has a reasonable belief that the subject is an armed threat.” See also Dawson v. State, 58 So.3d 419, 422 (Fla. 2d DCA 2011) (“For a weapons pat-down search to be valid, an officer must identify objective facts indicating that the person detained is armed and dangerous.”) (citation omitted); Daniels v. State, 543 So.2d 363, 365 (Fla. 1st DCA 1989) (“If an officer validly stops and detains an individual, and has probable cause to believe that the individual seized is armed with a dangerous weapon and poses a threat to the officer or any other person, the officer may search the individual to the extent necessary to disclose the weapon.”) (citation omitted); also cf. § 901.151(5), Fla. Stat. (2010) (‘Whenever any law enforcement officer authorized to detain temporarily any person under the provisions of subsection (2) has probable cause to believe that any person whom the officer has temporarily detained, or is about to detain temporarily, is armed with a dangerous weapon and therefore offers a threat to the safety of the officer or any other person, the officer may search such person so temporarily detained only to the extent necessary to disclose, and for the purpose of disclosing, the presence of such weapon.”).
*786 In Wardlow, the officers’ pat-down search of that defendant appears to have been justified based upon the nature of the high crime area (“an area [of Chicago] known for heavy narcotics trafficking ... [usually crowded with] lookouts and customers”) and upon the officer’s testimony that “in his experience it was common for there to be weapons in the near vicinity of narcotics transactions.” 528 U.S. at 121—22, 120 S.Ct. 673. The State elicited no similar testimony in the suppression hearing in this case, and offered no other evidence indicating that the officers had an objective reason to believe that Fant was armed at the time of the detention. Accordingly, we find that Fant was searched during the October 5 detention in violation of his Fourth Amendment rights. Because the pills illegally found on and seized from Fant on October 5 served as the only basis for the officer’s warrantless arrest and search of Fant on January 10, 2006, the items seized on January 10, 2006, must also be suppressed. See, e.g., Hatcher v. State, 834 So.2d 314, 318 n. 4 (Fla. 5th DCA 2003) (explaining that the “fruit of the poisonous tree doctrine ... ‘forbids the use of evidence in court if it is the product or fruit of a search or seizure ... earned out in violation of constitutional rights.’”) (quoting Craig v. State, 510 So.2d 857, 862 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988)).
We note that the State is in many cases able to avoid application of the exclusionary rule if a later seizure of evidence is sufficiently attenuated by time and “intervening circumstances” from an earlier constitutional violation that application of the exclusionary rule would serve no meaningful purpose. See State v. Frierson, 926 So.2d 1139, 1143 (Fla.2006) (citing Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975)). However, the State did not argue the Brown factors on appeal in this case as a basis for denial of the suppression motion — but instead chose to rest on its argument that the original detention and search were legal.
Accordingly, we reverse the judgments of conviction entered following Fant’s no contest plea in this case, and remand with directions that Fant’s motion to suppress be granted.
REVERSED AND REMANDED WITH DIRECTIONS.
GRIFFIN, J„ and ZAMBRANO, R.A., Associate Judge, concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).