NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                         )
                                          )
           Appellant,                     )
                                          )
v.                                        )        Case No.  2D15-4623
                                          )
JEREMY NICHOLAS JONES,                    )
                                          )
           Appellee.                      )
                                          )
_____ )

Opinion filed November 4, 2016.

Appeal from the Circuit Court for
Hillsborough County; Vivian T. Corvo,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellee.


LaROSE, Judge.

        The State appeals an order granting Jeremy Nicholas Jones' motion to

suppress evidence seized during a traffic stop.  We have jurisdiction.  See Fla. R. App.

P. 9.140(c)(1)(B).

A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness; we must interpret the evidence and draw reasonable inferences and deductions in a manner most favorable to sustaining the trial court's ruling. See McNamara v. State, 357 So. 2d 410, 412 (Fla. 1978); Bonifay v. State, 626 So. 2d 1310, 1312 (Fla. 1993). Because the totality of the circumstances did not give rise to a reasonable suspicion that Mr. Jones was armed, the law enforcement officer who stopped Mr. Jones had no basis to handcuff him and search his bookbag. Accordingly, we affirm.

Mr. Jones was riding his bicycle at night without proper lighting. This is a traffic infraction. See § 316.2065(7), Fla. Stat. (2014). Officer Vasconi testified that she and another officer stopped their patrol car beside Mr. Jones and exited the car. Officer Vasconi asked Mr. Jones for his identification. She stood right behind Mr. Jones, and the other officer stood next to her. After advising Officer Vasconi that his ID was in his bookbag, Mr. Jones shifted his bookbag from his back to his side so that he could search the front pocket of his bookbag. Mr. Jones was seated on his bicycle with his body turned away from the officers, although he turned his head so that he was looking at Officer Vasconi. Officer Vasconi claims that, as a result, she could see neither Mr. Jones' hands nor his bookbag. She then handcuffed Mr. Jones because she was "concerned for [her] safety." Officer Vasconi observed no criminal behavior and saw no bulges in Mr. Jones' clothing or in his bookbag. She seized the bookbag and, only then, smelled raw marijuana. She opened the bookbag and found six baggies of marijuana, $308 in cash, and a pocket scale. She arrested Mr. Jones.

The State charged Mr. Jones with one count of possession with intent to deliver or sell cannabis and one count of possession of drug paraphernalia. See §§ 893.13(1)(a)(2), .147(1), Fla. Stat. (2014). Mr. Jones moved to suppress the evidence seized during the traffic stop. Officer Vasconi was the only witness at the hearing; the other officer did not testify. The trial court granted the motion. On appeal, the State contends that the trial court erred in failing to rule that the officers legally stopped Mr. Jones, had a reasonable suspicion that he was armed and dangerous, and developed probable cause to search the bookbag after smelling marijuana. We disagree.

Unquestionably, a law enforcement officer who has a founded reasonable suspicion that a person has committed, is committing, or is about to commit a crime may temporarily detain that person. Terry v. Ohio, 392 U.S. 1, 28 (1968); Brown v. State, 636 So. 2d 174, 175 (Fla. 2d DCA 1994). The original traffic stop of Mr. Jones was justified. However, when Officer Vasconi handcuffed Mr. Jones and seized his bookbag, she escalated the encounter beyond the scope of a mere traffic infraction without a reasonable suspicion that Mr. Jones was armed or dangerous. A mere suspicion of criminal activity is insufficient to support a detention. Carter v. State, 454 So. 2d 739, 741 (Fla. 2d DCA 1984).

Hunt v. State, 700 So. 2d 94 (Fla. 2d DCA 1997), is particularly instructive. There, a police officer conducted a valid traffic stop when he saw Mr. Hunt riding a bicycle without headlights. Id. at 94-95. Mr. Hunt got off the bicycle and began to walk around. Id. at 95. The officer patted him down for weapons and discovered cocaine in his pocket. Id. Although Mr. Hunt did nothing to indicate that he was armed, the officer conducted the pat-down and search so that he could write a traffic violation warning

without worrying about whether Mr. Hunt was armed. Id. We held that the trial court erred in denying the motion to suppress because the circumstances did not give rise to a "reasonable belief that Hunt was armed." Id.

Dawson v. State, 58 So. 3d 419 (Fla. 2d DCA 2011), is also helpful. Police stopped Mr. Dawson while he was walking on the street in a high-crime area. Id. at 420. He repeatedly placed his hands into his pockets despite repeated instructions not to do so. Id. The officers searched him for weapons even though they saw no bulges in his clothing or other objectively identifiable facts indicating that he had a weapon. Id. at 422. We held that the trial court erred in denying a motion to suppress. Id. at 422-23.

Similarly, Mr. Jones' action of simply reaching into the front pocket of his bookbag to retrieve the identification requested by Officer Vasconi did not create a reasonable suspicion that Mr. Jones had a weapon or otherwise posed a reasonable concern for officer safety. No one suggested that Mr. Jones acted in a threatening manner. His alleged failure to position his body in a manner consistent with Officer Vasconi's command also did not create a reasonable suspicion that Mr. Jones was armed or dangerous. Without more, Officer Vasconi's concern with the position of Mr. Jones' body did not justify a search of Mr. Jones' bookbag. Our record does not suggest that the officers could not move towards Mr. Jones to see what he might pull from his bookbag.

Officer Vasconi observed no criminal behavior, saw no bulges on his person, and did not detect the odor of marijuana until after she seized the bookbag. We

- 4 -

find no abuse of discretion in the trial court's order suppressing the evidence.

Therefore, we affirm the order on appeal.

Affirmed.


SLEET and BADALAMENTI, JJ., Concur.